931 So.2d 1146 (2006)
STATE of Louisiana
v.
Debra HILL.
No. 2005-KA-1123.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 2006.
*1147 Eddie J. Jordan, Jr., District Attorney, Autumn L. Cheramie, Assistant District Attorney, New Orleans, Counsel for the State of Louisiana.
(Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO Jr.)
TERRI F. LOVE, Judge.
On August 17, 2004, in case number 451-142, the State filed a bill of information charging the defendant-appellee, Debra Hill, and Markus Sesler with one count each of possession of methamphetamine, a violation of La. R.S. 40:967C. Sesler entered a guilty plea at his arraignment and on August 26, 2004 was placed on probation. Hill appeared for arraignment and entered a not guilty plea. The court denied the motion to suppress evidence and found probable cause to sustain the charge. On November 29, 2004, the State entered a nolle prosequi, but reinstituted the charge on December 22, 2004 under the present case. The defendant was arraigned on the new bill on February 15, 2005. On February 28th defense counsel filed a motion to quash the bill of information, which the court granted on March 18, 2005. The State twice gave notice of its intent to appeal, on March 23rd and again on May 9, 2005. This appeal follows.

STATEMENT OF THE FACTS
The record contains no transcript of testimony from which the facts of the offense can be gleaned. The copy of the record from case number 451-142 does contain a copy of the police report. The narrative portion of the report indicates that the defendants were arrested following a traffic stop. The police officer observed Hill operating her vehicle in a reckless manner, including driving through a red light at Tupelo and St. Claude. When the officer pulled the defendant over, he saw her reaching toward the floorboard. The officer immediately removed both the defendant Hill and her passenger, the co-defendant Sesler, from the vehicle. On the floor, in plain view, the officer saw a glass tube containing a white residue and currency. On the rear seat he saw a clear plastic bag containing numerous small Ziploc bags containing residue. Both defendants were placed under arrest, and in the following search, the officer found the defendant Hill to be in possession of more small plastic bags, but these contained a white crystal.[1] More small bags containing a white crystal were retrieved from Sesler's pocket.

ASSIGNMENT OF ERROR
The sole issue in this appeal is whether the trial court erred when it granted the defendant's motion to quash. Although the court gave no reasons at the time it ruled, it later issued a per curiam, which actually related to over twenty-five cases including the instant one, explaining that it granted the motion to quash because the State had earlier entered a nolle prosequi when the court had denied a motion to continue which failed to conform with La.C.Cr.P. art. 707. In his written *1148 motion to quash, the defendant avers that this action by the State violated his constitutional right to a speedy trial. The State argues that it has plenary authority under La.C.Cr.P. art. 576 to dismiss a charge and then reinstitute it in any case, such as this one, where doing so does not circumvent the statutory time limits for commencing trial under La.C.Cr.P. art. 578.[2]
The State is correct that it has the authority to enter a nolle prosequi and reinstitute the charge. Both this Court and the Louisiana Supreme Court have recognized this authority, but have also recognized that the defendant's constitutional right to a speedy trial may overweigh the State's statutory authority under the circumstances of any given case. See State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198; State v. Scott, 04-1142 (La. App. 4 Cir. 7/27/05), 913 So.2d 843; and State v. Batiste, 04-1200 (La.App. 4 Cir. 5/11/05), 904 So.2d 766.
In Scott, this Court discussed the factors to be considered with regard to a defendant's constitutional right to a speedy trial:
The right to a speedy trial is guaranteed by both the federal and state constitutions. U.S. Const. Amendment 6; La. Const. Art. I, § 16. In addition to the statutory right to a speedy trial recognized by La.C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a speedy trial. In analyzing a constitutional speedy trial violation claim, the four factor test set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, [33 L.Ed.2d 101] (1972) is applied; to wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The initial factor, the length of the delay, is often referred to as the "triggering mechanism" because absent a "presumptively prejudicial" delay, further inquiry into the Barker factors is unnecessary. See State v. Santiago, 03-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671. Under Barker, the peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay. State v. Reaves, 376 So.2d 136, 138 (La.1979). Something that is acceptable in one case may not be acceptable in another because the complexity of the case must be considered. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984), citing Barker, 407 U.S. at 531, [92 S.Ct. 2182]. The manner of proof must also be considered, as must the gravity of the alleged crime. Id.

A defendant challenging the state's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La. App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142.
Scott, 04-1142, pp. 11-12, 913 So.3d at 850-51.
In Batiste, this Court noted the appropriate standard for appellate review:
In State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, the Louisiana Supreme Court considered whether an appellate court abused its discretion in overturning a trial court's denial of a motion to quash where the defendant argued that his right to a speedy trial was violated. The court noted the relationship of the courts and stated:
Because of the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a *1149 trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.

Id., 847 So.2d at 1206.
In State v. Harris, 03-0524 (La.App. 4 Cir. 9/10/03), 857 So.2d 16, this Court, considering a similar issue and the Love decision, stated:
Thus, . . . the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was "palpable abuse" on the part of the trial court in granting the motion to quash. Id. at 1209.

Id., 857 So.2d at 18.
Batiste, 04-1200, pp. 7-8, 904 So.2d at 770.
Under Barker, the first question is whether the delay was sufficient to act as a triggering mechanism. Seven months elapsed from the day the original bill of information was filed until the trial court granted the motion to quash. The State entered the nolle prosequi on November 29, 2004, which was the second time the trial was set. The first setting was November 15, 2004, and on that day the trial court granted the defense motion for a continuance. Earlier in the proceedings there had been a delay of two months between the defendant's arraignment and the motion hearing, which was a result of the defendant, who was released on bond, not securing private counsel. In fact, the only delay in the proceedings attributable to the State was its decision to enter the nolle prosequi on November 29th and then wait three weeks to file the new bill of information.
In State v. Pham, 97-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11, the Court found that a nine-month delay for a defendant forced to travel from Houston to New Orleans after being charged with cheating at gaming did not merit the granting of a motion to quash. In State v. Keller, 03-0986 (La.App. 4 Cir. 10/1/03), 859 So.2d 743, the Court found that a six and one-half month delay between the filing of the first bill of information and the granting of the motion to quash the reinstituted bill was not presumptively prejudicial and that the trial court had abused its discretion when it granted the motion to quash. In State v. Gray, 98-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550, there was an eleven-month delay. The court suggested that the delay may not be presumptively prejudicial as most prior cases considered by the Court had involved delays of more than one year. However, the Court evaluated the remaining Barker factors because of State v. Reaves, 376 So.2d 136 (La.1979), where the court had found a delay of three and one-half months in a misdemeanor case to be a violation of the defendant's right to a speedy trial.[3]
Unlike Reaves, the instant case involves a felony not a misdemeanor. The defendant was not incarcerated during the proceedings, having been released on bond. There is nothing to indicate that she had any witnesses who became unavailable due to the delays in the case. The defendant never asserted her right to a speedy trial prior to filing the motion to quash and *1150 actually requested and received one trial continuance.
Under State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, this Court should give deference to the trial court's decision to grant the motion to quash. However, even giving deference to that decision, we find the trial court abused its discretion. According to the per curiam, the trial court was motivated to grant the motion to quash because, after failing to comply with the statutory requirements for a motion for a continuance, the State obtained a de facto continuance by entering a nolle prosequi and then reinstituting the charge. However, the trial court had granted the defense a continuance of the trial as well. Furthermore, in contrast to some of the other cases noted in the trial court's per curiam, the State did produce its witness at the first setting of the motion to suppress hearing. Thus, although the trial court clearly was frustrated with what it deemed the State's disregard of proper procedure to obtain a continuance, the harsh remedy of quashing the prosecution is an abuse of discretion in this case.

DECREE
The State's assignment of error has merit. This matter is reversed and remanded to the trial court.
REVERSED AND REMANDED
NOTES
[1] The reporting officer in his narrative stated that he believed that the white crystals were methadone, not methamphetamine, and he arrested the subjects for possession of "crystal methadone" with the intent to distribute. Both drugs are listed in Schedule II, see La. R.S. 40:964(B) and (C), and thus possession of either is a violation of La. R.S. 40:967.
[2] The time limit in this case was two years.
[3] Ultimately in Gray this Court reversed the trial court's decision granting the motion to quash, finding that the State had not attempted to gain a tactical advantage and that the defendants had failed to show sufficient prejudice. The Supreme Court granted writs and reversed this Court's decision on the grounds that the State had failed to timely move for an appeal from the trial court's granting of the motion to quash. State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.