940 So.2d 682 (2006)
STATE of Louisiana
v.
Wayne ANDERSON, Phyllis West, Trina Johnson, Phillip Seifert and Yancy Roberts.
No. 2005-KA-1116.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 2006.
Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, Counsel For Appellant, State of Louisiana.
Sheila C. Myers, Tulane University Criminal Law Clinic, New Orleans, LA, Counsel For Defendants/Appellees, Wayne Anderson, Trina Johnson, Yancy Roberts, Phillip Seifert and Phillis West.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. MCKAY, III, Judge LEON A. CANNIZZARO, JR.
*683 Judge LEON A. CANNIZZARO, Jr.
The defendants, Wayne Anderson, Phyllis West, Trina Johnson, Phillip Seifert, and Yancy Roberts, filed a motion to quash the bill of information against them. The district court granted the motion, and the State of Louisiana is appealing the judgment granting the defendants' motion.

STATEMENT OF THE CASE
On October 25, 2004, Mr. Anderson was charged in a bill of information with one count of possession of crack cocaine with the intent to distribute it. Ms. West, Ms. Johnson, Mr. Seifert, and Mr. Roberts were each charged in the same bill of information with possession of crack cocaine. Mr. Anderson, Ms. Johnson, and Mr. Roberts each entered a plea of not guilty at their arraignments on November 12, 2004. Ms. West and Mr. Seifert did not appear at the arraignment, and warrants were issued for their arrests. On November 30, 2004, Mr. Seifert appeared for arraignment and pled not guilty. A preliminary hearing was held on December 3, 2004, but the district court judge found no probable cause to hold the defendants, and he set a trial date for January 6, 2005. Mr. Anderson did not appear at the preliminary hearing, and a warrant for his arrest was issued.[1] Mr. Anderson was arrested on December 17, 2004, and he was notified of the January trial date when he appeared in court on December 21, 2004.
On January 6, 2005, all of the defendants appeared for trial, but the State entered a nolle prosequi with respect to the charges against each of them, and the district court judge ordered the defendants released. The next day, the State reinstituted the original charges against all five of the defendants pursuant to La.C.Cr.P. art. 691[2]. On January 31, 2005, Mr. Anderson, Ms. Johnson, and Mr. Roberts appeared for arraignment, and each again pled not guilty. Ms. West and Mr. Seifert failed to appear at the arraignment. The district court judge set February 28, 2005, as the date for motion hearings and for trial. All of the defendants appeared on February 28, 2005, and Ms. West and Mr. Seifert were arraigned and pled not guilty. On that same date, all of the defendants filed a motion to quash the bill of information. The district court judge set the matter for hearing on March 14, 2005, but the hearing date was reset for March 18, 2005. The State filed its opposition to the motion to quash on March 17, 2005, and on March 18, 2005, all of the defendants appeared in court, but they all appeared without counsel.
On March 18, 2005, the district court granted the defendants' motion to quash the reinstituted bill of information. The State has appealed the district court's ruling.

STATEMENT OF THE FACTS
There are no transcripts in the record before us, but the facts of the case are contained in the narrative of the police report that is in the record. According to the police report, police officers, who were on routine patrol in a marked police car, noticed that Mr. Anderson and another man were conversing on the corner of St. Andrew Street and Baronne Street in New *684 Orleans. As the officers watched, they observed an unknown man hand Mr. Anderson what appeared to be money. They then saw Mr. Anderson reach into a zippered part of his jeans, obtain an object, and hand it to the unknown man. The officers believed that they had witnessed an illegal drug transaction, and they drove to the intersection where Mr. Anderson and the unknown man were standing. When they saw the police car, both men fled in opposite directions. The officers saw Mr. Anderson discard a clear plastic bag before he fled toward a residence that was directly behind him.
One of the officers retrieved the bag that Mr. Anderson had discarded. The bag contained several pieces of what appeared to be rocks of crack cocaine. The officers ordered Mr. Anderson to stop, but he entered the residence instead. The officers then followed Mr. Anderson into the residence, and they called two more officers to the scene to assist them. Mr. Anderson was apprehended and arrested in the front room of the house. When the officers searched him after his arrest, they found one five-dollar bill and thirteen one-dollar bills. They also found a second plastic bag in the zippered compartment of Mr. Anderson's jeans. The plastic bag contained several items that appeared to be rock cocaine as well as powder that appeared to be broken pieces of cocaine.
The officers also discovered Ms. West and Mr. Seifert lying on the floor of the room where Mr. Anderson was arrested. They observed Mr. Seifert drop a crack pipe from his left hand while his right fist was clenched. Ms. West attempted to conceal an object in her clothing. The officers handcuffed and frisked Ms. West and Mr. Seifert. They seized the crack pipe that Mr. Seifert had dropped and two pieces of what appeared to be crack cocaine that were in his clenched fist. They found in Ms. West's clothing one piece of what appeared to be crack cocaine and a crack pipe. Both Ms. West and Mr. Seifert were arrested.
When the officers entered the back part of the residence, they found Mr. Roberts and Ms. Johnson kneeling on a mattress. They also saw two pieces of what appeared to be crack cocaine on the mattress. Additionally, as the officers walked into the room with the mattress, they observed Mr. Roberts and Ms. Johnson attempting to conceal something under the mattress. Mr. Roberts and Ms. Johnson were handcuffed, and the officers found more pieces of what appeared to be crack cocaine under the mattress. Finally, the officers found a crack pipe under Ms. Johnson's feet. Both Mr. Roberts and Ms. Johnson were arrested.

DISCUSSION
Although there is no transcript of the hearing at which the district court judge quashed the bill of information, the judge did write a per curiam opinion later to explain why he granted the motion to quash in the defendants' case and in a number of similar cases. The district court judge explained in the per curiam that he granted the motion to quash, because after he denied the State's motion to continue the case on the grounds that the motion did not conform to the requirements of La.C.Cr.P. art. 707 et. seq., the State had entered a nolle prosequi. Article 707 provides that a motion for a continuance must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial. This had the effect of giving the State the continuance it sought but had been denied, and it was for this reason that the trial court judge granted the motion to quash.
*685 There is nothing in the record other than the per curiam opinion to indicate that the State had filed a motion for a continuance that had been denied prior to the State's entering the nolle prosequi. The State, however, contends in its assignments of error that the quashing of a bill of information is not a permissible legal sanction for the failure of the State to comply with La.C.Cr.P. art. 707. Therefore, the State has apparently conceded that the reason that the motion to quash was granted was that the nolle prosequi was filed in response to the district judge's failure to grant the State a continuance.
The State argues that granting the defendants' motion to quash was not a permissible response to the State's failure to comply with La.C.Cr.P. art. 707. La.C.Cr. P. art. 532 sets forth the general grounds upon which a motion to quash can be granted. That article provides:
A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
La.C.Cr.P. art. 534 sets forth the special grounds for a motion to quash a bill of information. La.C.Cr.P. art. 534 provides:
A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information.
There is nothing in the record to indicate that the defendants' motion to quash asserts any of the grounds enumerated in La.C.Cr.P. arts. 532 or 534 as a basis for quashing the bill of information against them. Additionally, the Louisiana Code of Criminal Procedure does not provide for quashing a bill of information for failure to comply with the mandates of La.C.Cr.P. art. 707 et. seq. Although the district court judge may have been frustrated by the State's failure to be prepared for trial, we find no valid basis upon which he could quash the bill of information in this case.
Although the State has raised as an assignment of error the district court's improperly granting the motion to quash on the grounds that the defendants' right to a speedy trial had been violated, we *686 need not address this assignment of error. The district court judge specifically stated in his per curiam that the denial of the right to a speedy trial was not the basis upon which the defendants' motion to quash was granted. We also note that the record does not indicate that a motion for a speedy trial was ever filed by the defendants. The sole basis upon which the motion to quash was granted was the State's failure to comply with La. C.Cr.P. art. 707 et. seq. in moving for a continuance and its using a nolle prosequi to obtain indirectly the continuance that had been denied by the district court.
The State has plenary authority pursuant to La.C.Cr.P. art. 576 to dismiss a charge and then reinstitute prosecution in a case, such as this one, where doing so will not circumvent the statutory time limits for commencing trial under La.C.Cr.P. art. 578[3] and where the time limits set forth in La.C.Cr.P. art. 576 for reinstituting the case are observed. Therefore, considering the circumstances of this case, the district court judge abused his discretion in quashing the bill of information.

CONCLUSION
The judgment of the district court granting the defendants' motion to quash the bill of information is reversed. The case is remanded to the district court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED
NOTES
[1] The record does not indicate whether or not Ms. West appeared at the preliminary hearing.
[2] Article 691 gives the district attorney the discretionary power to dismiss a charge against a defendant, and the permission of the court is not required. La.C.Cr.P. art. 693 provides that the dismissal of the charge is not a bar to subsequent prosecution except in certain instances not applicable in the instant case.
[3] La.C.Cr. P. art. 578 provides that no felony trial, except in a capital case, shall commence after two years from the date of institution of the prosecution. The two-year time limit in this case had not expired.