954 So.2d 193 (2007)
STATE of Louisiana
v.
Floyd PAYTON.
No. 2006-KA-1202.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 2007.
*194 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
The State of Louisiana appeals the judgment of the district court granting defendant's motion to quash the bill of information. For the reasons below, we reverse the trial court's ruling and remand the case to the district court for further proceedings.
Relevant Facts:
On February 24, 2004, under case number 445-359, Defendant, Floyd Payton, was charged by Bill of Information with one count of possession of cocaine, a violation of Louisiana Revised Statute § 40:967. On March 10, 2004, he failed to appear for arraignment and the matter was reset. Defendant was arraigned on March 17, 2004, and he entered a plea of not guilty. A hearing on defense motions was set for March 30, 2004. On that date, the trial court denied defendant's Motion to Suppress the Evidence and made a finding of probable cause. Trial was set for April 27, 2004. On the day trial was to begin, the State requested a continuance due to the unavailability of a newly-discovered witness. The district court denied the State's request for a continuance and the State then entered a nolle prosequi whereupon the case was dismissed.
One week later, on May 4, 2004, the State reinstituted charges against the defendant and a new Bill of Information was filed under case number 448-051, again charging him with one count of possession of cocaine. Defendant failed to appear for arraignment and an alias capias was issued for his arrest. He was subsequently arrested over a year later on June 22, 2005, and appeared for arraignment as to the reinstituted Bill of Information on July 29, 2005. On that date, the defendant, *195 through counsel, filed a Motion to Quash, which the trial court summarily granted. The State now appeals that judgment.
On appeal, the State argues that the court erred in granting defendant's motion to quash because the State has plenary authority to dismiss a charge and then reinstitute it in any case when doing so does not violate the defendant's right to a speedy trial. Despite the fact that counsel for defendant filed a Motion praying that the trial court quash the bill of information because "the defendant's constitutional right to a speedy trial was denied," defendant urges that the district court granted the motion, not on speedy trial grounds, but because the State used its authority to dismiss and reinstate the charges as a mere contrivance to take control of the court's docket and avoid the denial of the motion for a continuance. Unfortunately, there is neither a transcript of the hearing on the motion to quash nor a per curiam opinion for our review. Accordingly, we will address both arguments.
Discussion
The sole issue on appeal is whether the trial court erred in granting Mr. Payton's Motion to Quash the Bill of Information. A court's resolution of motions to quash in cases where the district attorney enters a nolle prosequi and later reinstitutes charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. The granting of a defendant's motion to quash the bill of information is a discretionary ruling by the trial court, and absent abuse, the ruling should not be disturbed by the appellate court. See, Id. at 1208.
Article 61 of the Louisiana Code of Criminal Procedure provides
[s]ubject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
Additionally, the State has the authority to enter a nolle prosequi and reinstate the charge pursuant to Articles 691 and 576 of the Louisiana Code of Criminal Procedure. Both this court and the Louisiana Supreme Court have recognized this authority, but have also recognized that the defendant's constitutional right to a speedy trial may outweigh the State's statutory authority under the circumstances of any given case. State v. Hill, 05-1123, p. 4 (La.App. 4 Cir. 5/10/06), 931 So.2d 1146, 1148
A defendant has the right, pursuant to the Sixth Amendment of the United States Constitution and Article 1, Section 16 of the Louisiana Constitution, to a speedy trial. Id. A defendant challenging the state's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. Id, citing, State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/31/00), 775 So.2d 1138, 1142. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set out the following four factors to determine whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay, (2) the reasons for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant as a result of the delay. The first of the factors  the length of the delay  has been held by Louisiana courts to be the "triggering mechanism" and "absent a presumptively prejudicial delay, further inquiry into the Barker factors is unnecessary." State v. DeRouen, 96-0725 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40.
The defendant has been charged with a felony, possession of cocaine, which carries *196 a fine of not more than $5,000 and not more than five years in prison with or without hard labor, or both. The record in this case shows that approximately seventeen months elapsed between the filing of the original bill of information and the filing and granting of the motion to quash. Under similar circumstances, this court has found delays like the one in this case to be non-violative of the right to a speedy trial. For example, in State v. DeRouen, supra, this court found that although fifteen months elapsed between institution of prosecution and motion to quash two counts of possession of cocaine, the fifteen month delay was not presumptively prejudicial. And, in State v. Johnson, 622 So.2d 845 (La.App. 4 Cir.1993), although there was a twenty-two month delay between the date of arrest and the day of trial, this court found that defendant's right to a speedy trial was not violated since much of the delay was due to the failure of the defendant to appear in court and because the defendant had not been prejudiced by the delay. Thus, under the circumstances of this case, the seventeen month delay is not presumptively prejudicial and we need not inquire into the other Barker factors. However, even if an analysis of the remaining Barker factors was necessary, it would give no support to defendant's claim.
In the reinstituted case, 448-051, the defendant failed to appear for his arraignment on June 9, 2004, which resulted in a warrant for his arrest. Defendant's absence, which is not at all attributable to the State, caused slightly over a one-year delay of the total seventeen-month delay. In addition, defendant does not allege in his motion to quash nor does the record reflect, that he ever filed a motion for speedy trial. Moreover, defendant has not alleged that any prejudice was caused by the delay. He was arrested on June 22, 2005, after being at large for a year, and released on his own recognizance on June 27, 2005, five days later. Finally, he has not alleged that any witnesses nor evidence has been lost or compromised due to the delay.
The Louisiana Supreme Court held that the unavailability of a state witness was a legitimate reason for delaying trial under the Speedy Trial Clause as interpreted by Barker. State v. Love, supra, at 1204. Recently, in State v. Batiste, XXXX-XXXX, (La.10/17/06), 939 So.2d 1245, where the prosecutor entered a nolle prosequi due to the unavailability of the alleged victim to testify, the Louisiana Supreme Court found no violation of the defendant's right to a speedy trial. The court considered the defendant's speedy trial claim and found that although nineteen months had elapsed between the filing of the bill and the quashing of the charges in the second case, the reasons for the delay were not solely those of the State. The court found that there was no intentional delay on the State's part to gain a tactical advantage, that the defendant did not assert his speedy trial right prior to filing the motion to quash, and that there was no suggestion that his defense was impaired by the delay. Id., at 1250-1251
In this case, as in Batiste, there is no indication that the district attorney was flaunting his authority at the expense of the defendant. Rather, the record indicates a nolle prosequi was entered because a newly discovered witness was not available for trial. It is clear that the unavailability of a state witness is a legitimate reason for the delay of trial. Therefore, the defendant's right to a speedy trial was not violated.
Interestingly, despite the fact that the defendant alleged a violation of his right to a speedy trial in his motion to quash, he now avers that the trial court granted the motion to quash solely on the ground that the State reinstituted criminal proceedings it had previously dismissed as *197 a means of avoiding the consequences of the district court's denial of an improperly filed motion to continue. This court has held that the Louisiana Code of Criminal Procedure does not provide for quashing a bill of information for failure to comply with the proper procedure for obtaining a continuance under article 707. See State v. Polk, 05-1118, p. 4 (La.App. 4 Cir. 5/31/06), 933 So.2d 838, 841; State v. Anderson, 05-1116, p. 6 (La.App. 4 Cir. 8/23/06), 940 So.2d 682, 685; La.Code Crim. Proc. arts. 532 and 534. Although the trial court was clearly frustrated with what it deemed the State's disregard of proper procedure, the quashing of a bill of information is not a permissible legal sanction for the failure of the state to comply with La.Code of Crim. Proc. art. 707.
There was no legal basis for the district court's granting of defendant's motion to quash. Therefore, the district court abused its discretion in doing so. Accordingly, the judgment of the district court is reversed and is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.