940 So.2d 676 (2006)
STATE of Louisiana
v.
Jamie METZLER.
No. 2005-KA-1148.
Court of Appeal of Louisiana, Fourth Circuit.
August 16, 2006.
Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney New Orleans, LA, for Plaintiff/Appellant.
Sheila C. Myers, Tulane University Criminal Law Clinic New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO JR.).
MICHAEL E. KIRBY, Judge.
STATEMENT OF THE CASE
On July 1, 2004, under case number 449-864, the State filed a bill of information charging the defendant-appellee, Jamie Metzler, with one count of possession of heroin, a violation of La. R.S. 40:966. Arraignment was scheduled for July 21, 2004, but the defendant did not appear, and the court ordered her bond forfeited. The court also issued an alias capias for her arrest. The defendant was arrested on the capias on September 4, 2004. She entered a not guilty plea on September 10, 2004. On October 29, 2004, the court found no probable cause and ordered her released when the State witnesses did not appear for the motion hearing. On December 16, 2004, the State entered a nolle prosequi.
On December 21, 2004, the State reinstituted the prosecution under case number 454-772, the instant case. Arraignment was set for January 10, 2005, but the defendant did not appear then or at the next scheduled date, January 24th. She was finally arraigned on February 16, 2005, at which time she entered another not guilty plea. The court then set February 28, 2005 as the date for determination of counsel, a motion hearing, and trial. On that date the defendant appeared without counsel, and the matter was reset on defense motion to March 3rd. On the 3rd, the court appointed the Orleans Indigent Defender Program to represent the defendant *677 and rescheduled trial and the motion hearing for March 15, 2005. The defense filed a motion to quash on the 15th, to which the State filed an opposition on the 17th. The court granted the motion to quash on March 18, 2005.
On March 23, 2005 the State filed a written notice of intent to take an appeal which the court granted.
STATEMENT OF THE FACTS
We dispense with a recitation of the facts of the alleged offense since the error complained of is a pre-trial procedural one pertaining to the granting of the Motion to Quash.
ASSIGNMENT OF ERROR NUMBER 1
The first assignment of error asserted by the State is that the defendant was not denied her constitutional right to a speedy trial and thus the trial court erred when it quashed the bill of information. Although the court gave no reasons at the time it ruled, it later issued a per curiam, which actually related to over twenty-five cases, including the instant one, explaining that it granted the motion to quash because the State had earlier entered a nolle prosequi when the court had denied a motion to continue which failed to conform with La. C.Cr.P. art. 707. In his written motion, the defendant had averred that this action by the State had violated his constitutional right to a speedy trial. However, in its per curiam the trial court specifically noted that it denied the motion to quash which was based upon the violation of the defendant's speedy trial right contained in La.C.Cr.P. art. 701(D)(4). Instead, it quashed the bill of information for failure of the State to comply with La.C.Cr.P. art. 707. since the trial court actually ruled in favor of the State on this assignment, we pretermit a discussion of the assignment.
ASSIGNMENT OF ERROR NUMBER 2
By its second assignment of error, the State avers that the trial court should not have quashed the bill of information as a sanction for the State's failure to comply with the requirements of La.C.Cr.P. art. 707, which provides that a motion for a continuance must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial. The State does not dispute that it orally moved for a continuance on December 16, 2004 because an essential witness was not present, and when the motion was denied, the State nolle prosequied the case. The State argues, however, that its failure to comply with La.C.Cr.P. art. 707 was unavoidable because of the surprise non-appearance of its witness, and thus it did not intentionally circumvent the rules of procedure as suggested by the trial court in its per curiam. It also suggests that the trial court's most drastic remedy for the State's failure to comply would have been the action taken at the time, denying the continuance, and not quashing a subsequent bill of information.
Moreover, the State takes the position that the trial court's statement in the per curiam that the State should not be allowed take advantage of a rule of procedure which is not available to the defense overlooks the fact that, in this case, the defense orally moved for continuances and that they were granted. The State suggests that it is just as unfair to make it strictly comply with La.C.Cr.P. art. 707, but not the defendant.
The State is correct that there is no provision for quashing the bill of information for a failure to comply with the mandates of La.C.Cr.P. art. 707. Undoubtedly the trial court was frustrated with the State's failure to have its witness appear for trial, including in a situation such as *678 this one where the only witnesses were police officers and that they also did not appear for the motion to suppress hearing.[1] However, this frustration cannot serve as a valid basis for quashing the bill of information in this case where neither the defendant's statutory nor constitutional speedy trial right was violated by the State's failure to comply with the requirements of La.C.Cr.P. art. 707.
This assignment of error has merit.
CONCLUSION
For the above reasons we reverse the trial courts granting of the defendant's motion to quash and remand this matter for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] There is no indication from the record or allegation by the State that it sought to have instanter subpoenas issued to the police officers or requested that the court sanction the officers for not appearing pursuant to subpoenas.