950 So.2d 50 (2007)
STATE of Louisiana
v.
Phil DEES.
No. 2006-KA-1198.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 2007.
*51 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, and Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
On 15 April 2005, under case number 458-361, the defendant-appellee, Phil Dees ("Dees"), was charged with one count of possession of a stolen automobile, a violation of La. R.S. 14:69, and one count of possession of cocaine, a violation of La. R.S. 40:967. Dees pled not guilty at his arraignment on 20 April 2005. A motion hearing commenced on 17 May 2005 and then was recessed until 28 June 2005, the date for which trial was scheduled. On June 28th, the state moved for a continuance that was denied. The state then entered a nolle prosequi. On 15 July 2005, the state reinstituted charges under the present case, docket number 461-216. On 22 August 2005, Dees was arraigned and again entered not guilty pleas. He also filed a motion to quash the bill of information. The next day, Dees filed a second motion to quash. The court then quashed the charges. The state moved for an appeal, which was granted. Because of Hurricane Katrina, the record was not lodged with this court until September 2006.
The record before this court contains nothing that indicates the underlying facts of the offenses. However, the facts are not relevant to the issues raised in this appeal.
DISCUSSION
The issue in this matter is whether the trial court erred in quashing the prosecution. Dees filed two separate motions to quash. In one, he averred that the state dismissed the prosecution after its motion to continue was denied and, as a result, his constitutional right to a speedy trial was denied. In the other, he asserted that the trial court had denied the state's motion to continue because it was not filed in conformity with La.C.Cr.P. art. 707. After the denial of the continuance, the state circumvented the court's ruling by dismissing the prosecution and then reinstituting it. Dees averred that because of the state's "method to get a continuance the Bill of Information should be quashed." In its brief, the state argues that there was no denial of the defendant's constitutional right to a speedy trial. As to the second motion to quash, the state argues that it has the authority to dismiss and reinstitute criminal charges as long as the action is not taken to circumvent the prescriptive period for trial to commence.
The state's arguments have merit as to both motions to quash. In State v. Scott, 04-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, writ denied, State ex rel. Scott v. State, 06-0822 (La.10/13/06), 939 So.2d 356, this court discussed the factors to be considered with regard to a defendant's constitutional right to a speedy trial rights:
The right to a speedy trial is guaranteed by both the federal and state constitutions. U.S. Const. Amendment 6; La. Const. Art. I, § 16. In addition to the statutory right to a speedy trial recognized by La.C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a speedy trial. In analyzing a constitutional speedy trial violation claim, the four[-] factor test forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) is applied; to wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The initial factor, the *52 length of the delay, is often referred to as the "triggering mechanism" because absent a "presumptively prejudicial" delay, further inquiry into the Barker factors is unnecessary. See State v. Santiago, 03-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671. Under Barker, the peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay. State v. Reaves, 376 So.2d 136, 138 (La.1979). Something that is acceptable in one case may not be acceptable in another because the complexity of the case must be considered. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984), citing Barker, 407 U.S. at 531, 92 S.Ct. 2182. The manner of proof must also be considered, as must the gravity of the alleged crime. Id.

A defendant challenging the state's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La. App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142.
Scott, pp. 11-12, 913 So.2d at 850-51.
In State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, the Court discussed the relationship of the appellate and trial courts and stated:
Because of the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.
Id. at pp. 9-10, 847 So.2d at 1206. In addition, in State v. Harris, 03-0524 (La. App. 4 Cir. 9/10/03), 857 So.2d 16, this court stated:
Thus, . . . the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was "palpable abuse" on the part of the trial court in granting the motion to quash.
Id. at p. 4, 857 So.2d at 18.
Under Barker, the first question is whether the delay was sufficient to act as a triggering mechanism. In this case, we find that it was not. Only four months and one week elapsed from the filing of the original bill of information to the granting of the motion to quash. While the Louisiana Supreme Court held in State v. Reaves, 376 So.2d 136 (La.1979), that a delay of three and one-half months was sufficient to violate a defendant's rights, that case involved misdemeanor possession of marijuana, not felonies as in the instant case, and the defendant in Reaves repeatedly made fruitless court appearances until he was forced to enter a guilty plea. In the case at bar, Dees made three court appearances for status hearings between his arraignment and the motion hearing. The docket master from case number 458-361 shows that private counsel represented him. Dees did not appear at the next setting, although his counsel did, and the court granted counsel's motion to allow the defendant a personal surety bond. A motion hearing commenced two weeks later, at which time Dees was again present with his retained counsel. However, at the next setting, which was for the trial and the resumption of the motion hearing, Dees' retained counsel did not appear with the accused. The court appointed an attorney from the Indigent Defender Program to represent him. The state then moved for a continuance, and when it was denied, the state dismissed the prosecution[1] *53 and reinstituted it two weeks later on July 15th. The defendant filed his motions to quash immediately after his arraignment on 22 August 2005, and the court granted them the next day.
This court has determined several times that delays of less than a year were not sufficient to trigger a consideration of the other Barker factors. For example, in State v. Pham, 97-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11, the court found that a nine-month delay for a defendant forced to travel from Houston to New Orleans after being charged with cheating at gaming did not merit the granting of a motion to quash. In State v. Keller, 03-0986 (La. App. 4 Cir. 10/1/03), 859 So.2d 743, the court found that a six and one-half month delay between the filing of the first bill of information and the granting of the motion to quash the reinstituted bill was not presumptively prejudicial and that the trial court had abused its discretion when it granted the motion to quash. In State v. Gray, 98-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550, an eleven-month delay occurred. The court suggested that the delay may not be presumptively prejudicial as most prior cases considered by the court had involved delays of more than one year. However, the court evaluated the remaining Barker factors because of Reaves.[2] See also State v. Brown, 05-1090 (La.App. 4 Cir. 3/22/06), 929 So.2d 182, where the court noted that a ten-month delay for a felony charge was probably not presumptively prejudicial, and State v. Brown, 05-1146 (La.7/26/06), 937 So.2d 419, involving a seven-month delay.
Considering the very short amount of time between the filing of the original bill of information and the granting of the motion to quash, the trial court's decision to quash the bill of information because of a constitutional violation of the right to a speedy trial was a clear abuse of discretion as no presumptively prejudicial delay existed.
As to the alternative basis to quash the bill of information, to the extent the trial court quashed the bill of information as a sanction against the state for its failure to file a motion to continue in conformity with La.C.Cr.P. art. 707, which provides that a motion for a continuance must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial, this court has held that this sanction is not appropriate absent a violation of the defendant's right to a speedy trial. See State v. Metzler, XXXX-XXXX, p. 4 (La.App. 4 Cir. 8/16/06), 940 So.2d 676, 677-78. Also, recently in State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245, the Court stated:
Article 691 of the Louisiana Code of Criminal Procedure confers on the district attorney the power to dismiss a formal charge, in whole or in part, and provides that leave of court is not needed. La.C.Cr.P. art. 693 expressly provides, subject to narrowly delineated exceptions, that dismissal of a prosecution *54 "is not a bar to a subsequent prosecution. . . ." The general limit imposed by the legislature on the discretion of the State under La.C.Cr.P. art. 691 to dismiss a prosecution without the consent of the court is that the dismissal of the original charge is "not for the purpose of avoiding the time limitation for commencement of trial established by Article 578." La.C.Cr.P. art. 576. La.C.Cr.P. art. 578(2) requires that trial of a non-capital felony be commenced within two years from the date of institution of the prosecution.
A court's resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases "where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation." Id. In this case, however, there is no indication that the district attorney was flaunting his authority at the expense of the defendant. Rather, the record indicates a nolle prosequi was entered because the victim was not present for trial and was wavering in her commitment to going forward with the case.
Id. at pp. 5-6, 939 So.2d at 1249.
In Batiste, the Court found that the reason for the dismissal of the earlier charge was because the victim was unavailable to testify. The Court then considered the defendant's speedy trial claim and found that although nineteen months elapsed between the filing of the original bill and the quashing of the charges in the second case, the reasons for the delay were not solely those of the state. The Court found that there was no intentional delay on the state's part to gain a tactical advantage, that the defendant did not assert his speedy trial right prior to filing his motion to quash, and that there was no suggestion that his defense was impaired by the delay. The Court then reversed the trial court's quashing of the charge and this court's affirmation of the trial court's ruling.
The record before this court does not indicate why the state moved for a continuance on 28 June 2005. However, at the time, the two-year time limit under La. C.Cr.P. art 578(2) for commencement of trial was not close to expiring. Furthermore, considering that 28 June 2005 was the first trial setting, that the defendant in his written motions made no allegation regarding loss of witnesses or specific prejudice, and that the defendant was not incarcerated, we find nothing in the record to support a finding that the state dismissed the charges and reinstituted to obtain a tactical advantage over the defendant.
CONCLUSION
The state's arguments have merit. The trial court's ruling quashing the bill of information is reversed and the matter remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Although it was the state and not the defense who requested a continuance of trial, it is questionable whether the defense was truly prepared for trial. The court's docket master does not indicate whether the defense objected to the continuance.
[2] Ultimately in State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291, this court reversed the trial court's decision granting the motion to quash, finding that the state had not attempted to gain a tactical advantage and that the defendants had failed to show sufficient prejudice. The Louisiana Supreme Court granted writs and reversed this court's decision on the grounds that the state had failed to timely move for an appeal from the trial court's granting of the motion to quash.