953 So.2d 84 (2007)
STATE of Louisiana
v.
Devairr SHANKLIN, Jr.
No. 2006-KA-1151.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2007.
*85 Eddie J. Jordan, Jr., District AttorneyParish of Orleans, David S. Pipes, Assistant District AttorneyParish of Orleans, New Orleans, LA, for Plaintiff/Appellant.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY.
PATRICIA RIVET MURRAY, Judge.
This is a criminal case. The State is the appellant. The sole issue presented is whether the district court erred in granting the motion to quash the bill of information filed by the defendant, Devairr Shanklin, Jr., after the State entered a nolle prosequi on the day of trial and five months later reinstated the charge. Answering that question in the affirmative, we reverse and remand.

STATEMENT OF CASE
On November 8, 2004, Mr. Shanklin was charged by bill of information under case number 453-522 with purse snatching, a violation of La. R.S. 14:65.1. On November 22, 2004, the case was transferred to Section K to follow case number 446-967.[1] On November 30, 2004, he was arraigned and pled not guilty. On December 21, 2004, a motion hearing was continued because Mr. Shanklin was not transported to court. On December 28, 2004, a motions hearing was held. The police officer did not appear at the hearing, and the district court found no probable cause. On January 27, 2005, Mr. Shanklin appeared for trial. On the trial date, the State entered a nolle prosequi.
Five months later, on June 1, 2005, the State reinstituted the charge under case number 459-913. Although the case was originally allotted to Section G, it was transferred on June 13, 2005 to Section K to follow case number 453-522. On June 17, 2005, Mr. Shanklin entered a plea of not guilty. On July 8, 2005, a motion hearing was continued because Mr. Shanklin was not transported to court. On August 12, 2005, Mr. Shanklin filed a motion to quash the bill of information. The district court granted the motion to quash. This appeal followed.

STATEMENT OF FACT
The facts of this case are irrelevant.[2]

*86 DISCUSSION
The only issue the State raises in this appeal is whether the trial court erred when it granted Mr. Shanklin's motion to quash the bill of information. The district court gave no reasons for granting the motion to quash. The sole ground raised in Mr. Shanklin's motion to quash was the denial of his constitutional right to a speedy trial. The State argues that the district court erred in granting the motion to quash because Mr. Shanklin's right to a speedy trial was not violated.
Both the Louisiana Supreme Court and this court have recognized that the State has the authority to enter a nolle prosequi and to reinstitute the charge.[3] The jurisprudence, however, has recognized that this authority may be overborne under the circumstances of any given case by the defendant's constitutional right to a speedy trial. State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198; State v. Scott, 04-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, writ denied, 06-0822 (La.10/13/06), 939 So.2d 356.
A defendant challenging the State's nolle prosequi and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. The proper procedural mechanism for challenging the State's nolle prosequi and reinstitution of charges is a motion to quash. State v. Reaves, 376 So.2d 136, 137-38 (La.1979). A court's resolution of a motion to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Batiste, 05-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249 (citing Love, 00-3347 at p. 14, 847 So.2d at 1209).
The standard for analyzing a defendant's claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Batiste, 05-1571 at p. 7, 939 So.2d at 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for the delay. Id. "[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." Reaves, 376 So.2d at 138 (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
Applying those principles, the Louisiana Supreme Court in Batiste found no speedy trial violation under the facts of that case. The defendant in Batiste was charged with video voyeurism. Nineteen *87 months elapsed between the filing of the original bill and the quashing of the reinstituted charges. The Court found the reasons for the delay could not be attributed solely to the State and that there was no intentional delay on the State's part to gain a tactical advantage. The Court further found that there was no suggestion that the defendant's defense was impaired by the delay. The Court noted that the defendant was not in jail during the delay and that there was no indication that any evidence was lost due to the delay. The Court emphasized that the State had a legitimate reason for its nolle prosequi the victim was not present for trial and was wavering in her commitment to going forward with the case. Given these circumstances, the Supreme Court reversed this court's decision, which affirmed the trial court's ruling granting the defendant's motion to quash.
Analyzing Mr. Shanklin's alleged speedy trial violation under the Barker factors, the delay in this case was nine months.[4] Motion hearings were continued in both cases because of the failure to bring Mr. Shanklin to court. The delay attributable to the State is its five-month delay in reinstituting the charge. Mr. Shanklin did not assert his right to a speedy trial until he filed his motion to quash. Mr. Shanklin has not alleged, nor does the record support, a finding of prejudice caused by the delay. Mr. Shanklin was released when the case was dismissed.[5] There is no indication that he has lost any witnesses or evidence due to the delay. Given these circumstances, we find no violation of Mr. Shanklin's constitutional right to a speedy trial. We thus find the district court erred in granting the motion to quash.

DECREE
For the forgoing reasons, the judgment of the district court is reversed, and the matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED
NOTES
[1] In case number 446-967, Mr. Shanklin was charged with an unrelated purse snatching charge. On October 26, 2004, he was convicted by a jury on that charge, and on November 12, 2004, he was sentenced to serve three years at hard labor.
[2] Due to Hurricane Katrina, the record for case number 453-522 is unavailable. We granted the State's motion to supplement the record with a certified copy of the docket master.
[3] The State's authority to dismiss any prosecution without the consent of the court is recognized in La.C.Cr. P. art. 691. Under La.C.Cr.P. art. 576, the State is authorized to reinstitute the charges within six months of dismissal. In this case, the State reinstituted the charges against Mr. Shanklin five months after the dismissal. The State, however, is required to show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578. Given that the charge at issue in this case is a non-capital felony (purse snatching), Article 578 required the State to bring Mr. Shanklin to trial within two years from the date of the bill of information. La.C.Cr. P. art. 578. The original bill of information was filed on November 8, 2004, and the motion to quash was granted on August 12, 2005, only nine months later. The State did not dismiss the first case in order to avoid the time limitations of Article 578. Thus, Mr. Shanklin's statutory right to a speedy trial had not been violated at that point. The sole issue is whether the constitutional speedy trial requirement was satisfied.
[4] Considering the factors in the case at hand, the nine month delay is not presumptively prejudicial. This court has found more lengthy delays non-violative of the right to a speedy trial. See State v. DeRouen, 96-0725 (La.App. 4 Cir. 6/26/96), 678 So.2d 39 (fifteen months elapsed between institution of prosecution and motion to quash two counts of possession with intent to distribute cocaine and one count of possession of 28 to 200 grams of cocaine not violative).
[5] As the State points out, Mr. Shanklin was incarcerated for the majority of time this case was pending; however, his incarceration was due to his conviction and sentence for purse snatching in the unrelated case noted earlier in this opinion.