971 So.2d 389 (2007)
STATE of Louisiana
v.
James GIBSON.
No. 2007-KA-0530.
Court of Appeal of Louisiana, Fourth Circuit.
October 24, 2007.
*390 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Appellant, State of Louisiana.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Appellee, James Gibson.
Court composed of Judge DENNIS R. BAGNERIS, SR., Judge MAX N. TOBIAS, JR., Judge LEON A. CANNIZZARO, JR.

REVERSED AND REMANDED
Judge LEON A. CANNIZZARO, JR.
The defendant, James Gibson, filed a motion to quash the bill of information against him. The district court granted the motion, and the State of Louisiana is *391 now appealing the judgment granting Mr. Gibson's motion.

STATEMENT OF THE CASE
On March 16, 2004, Mr. Gibson was charged by a bill of information in Case No. 446-406 of the Criminal District Court for the Parish of Orleans with the offense of possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A)(1). At his arraignment, Mr. Gibson pled not guilty. Motion hearings were reset by the district court judge twice and were continued twice by the State. On October 19, 2004, the State entered a nolle prosequi, and the case was dismissed.
On January 14, 2005, Mr. Gibson was again charged by a bill of information with one count of possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A)(1), and the original case against him was reinstituted in Case No. 455-375 of the Criminal District Court for the Parish of Orleans. At his arraignment Mr. Gibson again pled not guilty. His trial was set for September 20, 2005. Because Hurricane Katrina intervened, Mr. Gibson was not tried on that date. On November 15, 2006, the trial was set for January 23, 2007. Four days before the trial date, Mr. Gibson filed a motion to quash the indictment claiming that his right to a speedy trial had been denied and that the reinstitution of his case violated certain provisions of the Louisiana Code of Criminal Procedure. On January 23, 2007, the district court judge granted Mr. Gibson's motion to quash. The State is now appealing that decision.

STATEMENT OF THE FACTS
The record does not reflect the facts regarding Mr. Gibson's arrest or the underlying charge against him. Those facts, however, are not relevant to the issues raised on appeal.

DISCUSSION
The State has raised two issues for review on appeal. First, the State argues that Mr. Gibson was not denied his right to a speedy trial. Second, the State contends that the prosecution of Mr. Gibson did not contravene the provisions of La.C.Cr.P. art. 578 that set forth the time limit within which criminal trials must be commenced.
Right to a Speedy Trial
The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." The right to a speedy trial is imposed on the states by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The Louisiana Constitution also provides that "[e]very person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy . . . trial. . . ." La. Const. art. I, § 16.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established four factors to be considered in determining whether a defendant's right to a speedy trial has been violated. In State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, the Louisiana Supreme Court discussed these factors as follows:
In determining whether a defendant's right to speedy trial has been violated, courts are required to assess the following factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant." [sic] Barker, 407 U.S. at 530, 92 S.Ct. 2182; State v. Alfred, 337 So.2d 1049, 1054 (1976) [on rehearing]. Under *392 the rules established in Barker, none of the four factors listed above is "either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial." Id. at 533, 92 S.Ct. 2182. Instead, they are "related factors and must be considered together . . . in a difficult and sensitive balancing process." Id.

00-3347, p. 15, 847 So.2d at 1210. As stated by the Louisiana Supreme Court in State v. Reaves, 376 So.2d 136, 138 (La. 1979), "[t]his Court has assiduously followed the Barker v. Wingo analysis in evaluating Louisiana speedy trial claims."
Both the Louisiana Supreme Court and this Court have recognized that the State has the authority to enter a nolle prosequi and then to reinstate the charges against a criminal defendant. See, e.g., State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245; State v. Dees, 06-1198 (La.App. 4 Cir. 1/10/07), 950 So.2d 50. La.C.Cr.P. art. 691 provides in relevant part that "[t]he district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court."
La.C.Cr.P. art. 576 provides in relevant part as follows:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney . . . before the first witness is sworn at the trial on the merits, . . . a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
La.C.Cr.P. art. 578 provides that in a felony case, trial must commence no later than two years from the date of the institution of the prosecution.
The defendant's right to a speedy trial, however, supersedes the authority of La.C.Cr.P. arts. 576 and 578. In State v. Shanklin, 06-1151 (La.App. 4 Cir. 2/14/07), 953 So.2d 84, this Court, citing State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, and State v. Scott, 04-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, writ denied, 06-0822 (La.10/13/06), 939 So.2d 356, stated that "[t]he jurisprudence, however, has recognized that this authority may be overborne under the circumstances of any given case by the defendant's constitutional right to a speedy trial." 06-1151, pp. 2-3, 953 So.2d at 86.
This Court has held that a defendant challenging the entrance of a nolle prosequi and the subsequent reinstitution of the charges that were dismissed has the burden of proof in showing that his constitutional right to a speedy trial was violated. Dees, 06-1198, p. 3, 950 So.2d at 52; State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. Thus, we must determine whether or not Mr. Gibson has proven that his constitutional right to a speedy trial was violated. In doing so, we must consider the four Barker factors set forth in the Barker v. Wingo case discussed above.
Length of the Delay
In Love the Louisiana Supreme Court stated that "[t]he first of the Barker factors, the length of the delay, is a threshold requirement for courts reviewing speedy trial claims." Love, 00-3347, p. 16, 847 So.2d at 1210. The first Barker factor *393 serves as a triggering mechanism for further inquiry into the other three Barker factors. Id. Only if the delay is "presumptively prejudicial" will further inquiry into the other three Barker factors be necessary. Id. In the instant case the State has conceded that the thirty-four month delay between March 16, 2004, the date that the initial bill of information was filed, and January 23, 2007, the date that Mr. Gibson's motion to quash was granted, could be deemed to be presumptively prejudicial. Therefore, the remaining three Barker factors must be considered to determine whether or not Mr. Gibson was denied his right to a speedy trial.
Reason for the Delay
The record in the instant case shows that between March 16, 2004, the date that the initial bill of information was filed, and October 10, 2004, the date that Case No. 446-406 was dismissed, hearings were reset twice by the district court judge and hearings were continued twice on the State's motion. The State's first continuance was granted on August 9, 2004, and the State's second continuance was granted on September 9, 2004. Case No. 446-406 was dismissed by the State on October 19, 2004, and reinstituted in Case No. 455-375 by the State on January 14, 2005. The delays attributable to the State between March 16, 2004, when the initial bill of information was filed, and January 14, 2005, when the charges against Mr. Gibson were reinstituted, total approximately five months.
Once the case was reinstituted, Mr. Gibson was responsible for several delays that cannot be attributed to the State. On March 21, 2005, Mr. Gibson failed to appear for a scheduled hearing, and a warrant for his arrest was issued. He was arrested in mid-May of 2005, and the motion hearing that he missed was rescheduled for June 14, 2005. Therefore, a delay of approximately three months from March 21, 2005, until June 14, 2005, was attributable to Mr. Gibson's failure to appear at the March 21, 2005 hearing.
On June 14, 2005, the State was granted a continuance of the hearing that was rescheduled for that date. The rescheduled hearing was not held until August 9, 2005, when the trial was set for September 20, 2005. The State is, therefore, responsible for a delay of approximately two months during the time period from June 14, 2005, until the August 9, 2005 hearing.
On August 29, 2005, Hurricane Katrina hit New Orleans. Based on the district court judge's estimate of when the Criminal District Court for the Parish of Orleans was first able to function after Hurricane Katrina, a delay of approximately seven months from August 29, 2005, until the spring of 2006, occurred as a result of Hurricane Katrina. This delay cannot be attributed to any party.
From the spring of 2006, until July 26, 2006, a period of approximately four to five months, no activity occurred in the instant case. This delay of approximately four to five months is attributable to the State.
A hearing was scheduled for July 26, 2006, but Mr. Gibson was not served with notice of the hearing. The district court judge reset the hearing for August 21, 2006. Mr. Gibson failed to appear for the August 21 hearing, and a warrant was issued for his arrest. He appeared in court four days later, and a hearing was scheduled for October 20, 2006. The October 20, 2006 hearing was continued on the motion of Mr. Gibson. Mr. Gibson next appeared in court on November 15, 2006, when trial was set for January 23, 2007. Mr. Gibson filed his motion to quash on January 19, 2007, and on January 23, 2007, his motion to quash was granted.
*394 Mr. Gibson was responsible for the delay between October 20, 2006, and November 15, 2006, due to his request for a continuance. He cannot, however, be held responsible for the delay between August 21, 2006, when he failed to appear in court, and October 20, 2006, when he requested a continuance, because the record does not contain proof that he actually received the notice of the August 21 hearing that was mailed to him.
In counting the months of delay attributable to the State, we find that of the delay of approximately thirty-four months in the instant case only a portion of the delay could be attributed to the State. The other delays in the instant case were attributable to the district court, to Mr. Gibson, and to the effect of Hurricane Katrina. We do not find that the delays caused by the State were sufficient to deny Mr. Gibson his right to a speedy trial.
Assertion of the Right to a Speedy Trial
There is nothing in the record showing that Mr. Gibson filed a motion for a speedy trial. Additionally, there is nothing in the record to indicate that Mr. Gibson objected to the State's motions for continuances. Only when Mr. Gibson filed his motion to quash did he ever object to the length of time that the prosecution was taking in the instant case.
Prejudice to the Defendant
The United States Supreme Court in the Barker case identified three areas of interest of the defendant that the right to a speedy trial was designed to protect. The Supreme Court stated:
This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past.
407 U.S. 514 at 532, 92 S.Ct. 2182 at 2193 (footnote omitted). In his brief, Mr. Gibson asserts that he has been prejudiced because the crime with which he was charged occurred in an area of New Orleans that was devastated by Hurricane Katrina. Thus, he contends that his neighborhood has been destroyed and that, therefore, the evidence and witnesses that he needed to assist in his case were no longer available.
With respect to the first of the interests enumerated in the Barker case, the only times that Mr. Gibson was incarcerated for the crime with which he is charged in the instant case were when he failed to appear in court and a warrant was issued for his arrest. With respect to the second interest, Mr. Gibson has not claimed or shown that he has suffered undue anxiety or concern because of the delays in the instant case. With respect to the third interest, Mr. Gibson has alleged that he has been prejudiced by the loss of witnesses and evidence. He has not, however, identified any witnesses who were missing, he has not shown that any avenues by which he could have investigated their whereabouts have been foreclosed to him, and he has not identified any evidence that was lost.
Based on the foregoing discussion of the applicability of the Barker factors to the instant case, although there was a lengthy delay involved in the instant case, we do not find that Mr. Gibson's right to a speedy trial was violated. Hurricane Katrina and delays attributable to the district court or to Mr. Gibson constituted as much of a delay in this case as the actions of the *395 State did. Mr. Gibson did not file a motion for a speedy trial and did not raise the issue until he filed a motion to quash his bill of information, and he has not demonstrated any prejudice that resulted from the State's actions. Therefore, we find merit in the State's contention that Mr. Gibson's right to a speedy trial was not violated.
Compliance with La.C.Cr.P. art. 578
La.C.Cr.P. art. 578 provides in relevant part as follows:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
* * *
(2) In other felony cases [those other than capital cases] after two years from the date of institution of the prosecution . . .
La.C.Cr.P. art. 579 sets forth certain events that shall interrupt the time limitation set forth in La.C.Cr.P. art. 578. Article 579 provides in relevant part as follows:
A. The period of limitation established by Article 578 shall be interrupted if:

* * *
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
(Emphasis added).
When the first bill of information was filed against Mr. Gibson on March 16, 2004, under La.C.Cr.P. art. 578, the State had two years from that date to commence Mr. Gibson's trial. Thus, the State originally had until March 16, 2006, to try Mr. Gibson. On March 21, 2005, however, Mr. Gibson failed to appear for a hearing, although he had been given actual notice of the March 21 hearing date on February 10, 2005, in open court. Therefore, pursuant to La.C.Cr.P. art. 579(A)(3), the two-year period established by La.C.Cr.P. art. 578 was interrupted by Mr. Gibson's failure to appear at a proceeding of which he had actual notice.
Because La.C.Cr.P. art. 579(B) provides that the limitation periods set forth in La.C.Cr.P. art. 578 "commence to run anew from the date the cause of the interruption no longer exists," the two-year period prescribed by article 578 began to run from the date of Mr. Gibson's arrest in mid-May of 2005.[1] Pursuant to La. C.Cr.P. art. 579(A)(2) and (B), the State then had two years from the date of his arrest to try Mr. Gibson. The trial in this case was set for January 23, 2007, which was within the two-year time limit for trying the case. Thus, the State has not failed to comply with the provisions of La.C.Cr.P. art. 578 as asserted by Mr. Gibson. This assignment of error has merit.

DECREE
We find that both of the State's assignments of error have merit. We further find that the district court erred in granting Mr. Gibson's motion to quash. Therefore, the judgment of the district court is *396 reversed, and the instant case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Mr. Gibson also failed to appear in court on August 21, 2006, but the record does not contain evidence that he received the notice that was mailed to him advising him of the hearing date. Therefore, because there is no proof in the record that Mr. Gibson received actual notice of that hearing as required by La.C.Cr.P. art. 579(A)(3), the two-year time period set forth in La.C.Cr.P. art. 578 was not interrupted.