983 So.2d 191 (2008)
STATE of Louisiana
v.
Gregory J. CHISOLM.
No. 2007-KA-1394.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2008.
Keva Landrum-Johnson, District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Gregory J. Chisolm.
*192 (Court composed of Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
The record indicates that the defendant was caught burglarizing the Whitney Bank in Algiers at approximately 3:00 a.m. on August 18, 2006. At the time of his arrest in the bank, the defendant admitted to taking an axle from a parked car and using it to break into the bank.
On September 25, 2006, in Case No. 466-952, Section "J" of the Orleans Parish Criminal District Court, the State charged the defendant with burglary of a business, a violation of La. R.S. 14:62.4. The defendant's arraignment was originally set for October 10, 2006; however, the defendant did not appear. The defendant's arraignment was reset for November 6, 2006, and once again reset for November 2, 2006, at which time the defendant pled not guilty. Motions were set for hearing on December 14, 2006, but counsel appeared without the defendant. Motions were reset for hearing on January 26, 2007. On that date, counsel waived motions, and trial was set for March 20, 2007. On March 20, 2007, the defendant appeared with counsel. Trial was reset on the State's motion for May 22, 2007. The State was granted a continuance on May 22, 2007, and trial was reset for June 27, 2007. On June 27, 2007, defense counsel appeared but the defendant was not brought into court. On June 27, 2007, the State dismissed the charges against the defendant.
The State filed a new bill of information on July 2, 2007, in Case No. 471-443, Section "J", re-charging the defendant with burglary of a business.
The defendant pled not guilty at his arraignment on July 30, 2007. On August 29, 2007, the jury found the defendant guilty as charged. On September 10, 2007, the trial court sentenced the defendant to five years at hard labor, with credit for time served, sentence to run concurrently with any other sentence. Also on that date, the defense filed a Motion to Reconsider Sentence and Motion for Appeal. The trial court denied the motion to reconsider but granted the motion for appeal.
In a sole assignment of error, the defendant complains that his right to a speedy trial was denied when the trial court allowed the State to dismiss charges and then reinstitute prosecution.
The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." The right to a speedy trial is imposed on the states by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The Louisiana Constitution also provides that "[e]very person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy . . . trial. . . ." La. Const. art. I, § 16.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established four factors to be considered in determining whether a defendant's right to a speedy trial has been violated. In State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, the Louisiana Supreme Court discussed these factors as follows:
"In determining whether a defendant's right to speedy trial has been violated, courts are required to assess the following factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the *193 defendant." [sic] Barker, 407 U.S. at 530, 92 S.Ct. 2182 [33 L.Ed.2d 101]; State v. Alfred, 337 So.2d 1049, 1054 (1976), [on rehearing]. Under the rules established in Barker, none of the four factors listed above is "either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial." Id. at 533, 92 S.Ct. 2182 [33 L.Ed.2d 101]. Instead, they are "related factors and must be considered together . . . in a difficult and sensitive balancing process."
Id. 00-3347, p. 15, 847 So.2d at 1210.
As stated by the Louisiana Supreme Court in State v. Reaves, 376 So.2d 136, 138 (La.1979), "[t]his Court has assiduously followed the Barker v. Wingo analysis in evaluating Louisiana speedy trial claims."
Both the Louisiana Supreme Court and this Court have recognized that the State has the authority to enter a nolle prosequi and then to reinstate the charges against a criminal defendant. See, e.g., State v. Dees, 06-1198 (La.App. 4 Cir. 1/10/07), 950 So.2d 50. La.C.Cr.P. art. 691 provides in relevant part that "[t]he district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court."
La.C.Cr.P. art. 576 provides in relevant part as follows:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney . . . before the first witness is sworn at the trial on the merits, . . . a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
La.C.Cr.P. art. 578 provides that in a felony case, other than a capital case, trial must commence no later than two years from the date of the institution of the prosecution.
The defendant's right to a speedy trial supersedes the authority of La. C.Cr.P. arts. 576 and 578. In State v. Shanklin, 06-1151, p. 3 (La.App. 4 Cir. 2/14/07), 953 So.2d 84, 86, this Court, citing State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, and State v. Scott, 04-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, writ denied, 06-0822 (La.10/13/06), 939 So.2d 356 stated that "[t]he jurisprudence, however, has recognized that this authority may be overborne under the circumstances of any given case by the defendant's constitutional right to a speedy trial." 06-1151, p. 2-3, 953 So.2d at 86.
This Court has held that a defendant challenging the entrance of a nolle prosequi and the subsequent reinstitution of the charges that were dismissed has the burden of proof in showing that his constitutional right to a speedy trial was violated. Dees, 06-1198, p. 3, 950 So.2d at 52.
In Love the Louisiana Supreme Court stated that "[t]he first of the Barker factors, the length of the delay, is a threshold requirement for courts reviewing speedy trial claims." Love, 00-3347, p. 16, 847 So.2d at 1210. The first Barker factor serves as a triggering mechanism for further inquiry into the other three Barker factors. Id. Only if the delay is "presumptively prejudicial" will further inquiry into *194 the other three Barker factors be necessary. Id. In the instant case, there was a delay of eleven months between September 25, 2006, the date that the initial bill of information was filed, and August 29, 2007, the date defendant was convicted of the crime. Within that eleven month time period, the State moved for two continuances before dismissing the charges on June 27, 2007. However, one of the continuances was caused by defense counsels absence, and cannot be counted against the State. See State v. Payton, XXXX-XXXX, pp. 4-5 (La.App. 4 Cir. 2/28/07), 954 So.2d 193, 195 (seventeen month delay in prosecuting one count of possession of cocaine was found not presumptively prejudicial)(citing State v. DeRouen, 96-0725 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40 (finding fifteen month delay in prosecuting two counts of possession with intent to distribute cocaine and one count of possession of 28 to 200 grams of cocaine not violative of the right to a speedy trial) and State v. Johnson, 622 So.2d 845 (La.App. 4th Cir.1993)(finding twenty-two month delay for simple possession of cocaine not violative of right to speedy trial)). See also State v. Scott, XXXX-XXXX (La.App. 4 Cir. 4/25/07), 958 So.2d 725, in which this Court determined that a delay of eighteen months between filing of original bill of information for possession of cocaine and quashing of reinstituted charges did not violate defendant's speedy trial rights. In this case, the defendant was charged with simple burglary, a felony, in addition to being a multiple felony offender.
Pursuant to La.C.Cr.P. art. 578, when the first bill of information was filed against the defendant herein on September 25, 2006, the State had two years from that date to commence the defendant's trial. Thus, the State originally had until September 25, 2008, to try the defendant. Therefore, the dismissal of the first bill of information, occurring just a little over a year after the bill was filed, was not for the purpose of avoiding the art. 578 time limitations. The defendant was convicted on August 29, 2007, well within the two year period promulgated by La.C.Cr.P. art. 578. In addition, with respect to the defendant's constitutional right to a speedy trial, even assuming this Court found the eleven month delay presumptively prejudicial, the remaining Barker factors do not support the defendants argument.
The second Barker factorthe reason for the delaydoes not support the defendants position. The docket master in this case indicates that on October 10, 2006, the defendant did not appear in court. A December 14, 2006, entry shows defense counsel appeared without the defendant; the March 20, 2007, entry reveals a continuance at the States request. The May 22, 2007, entry shows a continuance at the request of the State. On June 26, 2007, the defendant failed to appear for trial and on that date the State dismissed the charges. Computing the delay, the record indicates that the defendant was responsible for a greater measure of the delay than the State. The delays caused by the State did not violate the defendants right to a speedy trial.
The third Barker factorassertion of the right to a speedy trialwas not satisfied in this case. The defendant did not raise the issue until his appeal. Although Barker rejected a demand-waiver rule, the Court noted that, "We emphasize that the failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 407 U.S. at 532, 92 S.Ct. at 2193. Additionally, there is nothing in the record to indicate that the defendant objected to the States motion for continuance or objected to the length of time that the prosecution was taking in this case.
*195 As to the fourth Barker factorprejudice to the defendant by the delaythere have been no allegations of prejudice suffered by the defendant as a result of the delay in the prosecution. Although the defendant had been incarcerated most of the time his case was pending, nothing in the record indicates that his defense was impeded by the delay. There are no assertions of lost witnesses or evidence destroyed due the lapse of time between the original filing of charges and the defendant's conviction. Based on the foregoing discussion of the applicability of the Barker factors to this case, it does not appear that the defendant's right to a speedy trial was violated.
Thus, we find that there is no merit to the defendant's assignment of error on appeal. Accordingly, we affirm the defendant's conviction and sentence.
AFFIRMED.