PATRICIA RIVET MURRAY, Judge.
EThis is a criminal case. The State is the appellant. The principal issue presented is whether the district court erred in granting the motion to quash the bill of information filed by the defendant, Don Scott, after the State entered a nolle pro-sequi on the day of trial and six days later reinstated the charge. Answering that question in the affirmative, we reverse and remand.
STATEMENT OF CASE
On April 26, 2005, Mr. Scott was charged by bill of information under case number 458-691 “C” with possession of cocaine, a violation of La. R.S. 40:967(C)(2). On May 3, 2005, he was arraigned and pled not guilty. The district court ordered Mr. Scott to spend thirty days in the Blue Waters Drug Rehabilitation Program and to remain in custody upon completion of the program.
On June 20, 2005, Mr. Scott appeared without counsel for a motions hearing. The hearing was continued on joint motion. On July 12, 2005, Mr. Scott appeared without counsel for another motions hearing. The hearing was continued on the State’s motion because the police officers failed to appear. On August 18, 2005, the status hearing that was set for that day was reset due to the court being [¡¡closed. On August 26, 2005, Mr. Scott appeared for the status hearing with counsel, and a motions hearing was set for October 11, 2005.
On August 29, 2005, Hurricane Katrina devastated the New Orleans area. As a result of the devastation, the district attorney’s office and the Orleans Parish Criminal District Court were heavily damaged and were unable to function for several months.
On February 6, 2006, Mr. Scott filed in this court a motion to dismiss. On March 17, 2006, he filed in this court a motion for a speedy trial. This court treated both of his motions as an application for supervisory writ. On March 30, 2006, this court granted the writ and transferred both motions to the district court for consideration within thirty days. The district court set the hearing on the motions for April 25, 2006.
On April 25, 2006, a new defense counsel appeared without Mr. Scott, who was in custody but not brought to court. The matter was reset to May 26, 2006. On May 26, 2006, the matter was again reset. On June 16, 2006, another new defense counsel appeared without Mr. Scott. On July 12, 2006, Mr. Scott appeared in court with counsel, and trial was set for August 21, 2006.
On August 1,2006, this court granted another writ application and ordered the district court to rule on Mr. Scott’s previously transferred motions for dismissal and for a speedy trial by the new trial date, August 21, 2006. On August 21, 2006, defense counsel appeared without Mr. Scott. The district court continued the trial to September 7, 2006, and deferred ruling on the motions until trial in order for defense counsel to confer with Mr. Scott.
On September 7, 2006, Mr. Scott was present in court without defense counsel. Mr. Scott represented to the court that he would represent himself and |sthat he was ready to go to trial. The State, on the other hand, requested a continuance because the Criminal District Court Clerk’s Office failed to bring the evidence to court as the State had requested. The clerk also failed to subpoena the arresting officer as the State had requested. The State asked that the Clerk’s office be held in contempt for failing to perform its duties. Stressing Mr. Scott had been in jail since March 2005, that he was ready to go to *728 trial, and that he had filed a speedy trial motion, the trial court denied the State’s request for a continuance. In response, the State entered a nolle prosequi
On September 13, 2006, the State reinst-ituted the case as case number 466-853, which was allotted to Section “C” to follow case 458-691 “C”. On September 28, 2006, the trial court rescheduled Mr. Scott’s arraignment due to the Red Mass. On October 10, 2006, the court again continued Mr. Scott’s arraignment to November 3, 2006. On November 3, 2006, defense counsel waived Mr. Scott’s presence and filed a motion to quash the bill of information, which the trial court granted and issued a release. This appeal followed.
STATEMENT OF FACT
The facts of this ease are not relevant to the procedural issues raised by the appellant, the State.[1]
DISCUSSION
The proper procedural mechanism for challenging the State’s nolle prosequi and reinstitution of charges is a motion to quash. State v. Reaves, 376 So.2d 136, 137-38 (La.1979). A motion to quash is mandated by La.C.Cr.P. art. 536 to be in writing, signed by the defendant or his attorney, and filed in open court or in the |4offíce of the clerk of court. It shall specify distinctly the grounds on which the motion is based, and the court shall hear no objection on grounds not stated in the motion. Oral motions to quash are not properly considered. State v. Fryer, 96-2745 (La.App. 4 Cir. 2/19/97), 691 So.2d 712.
A preliminary procedural issue the State raises is whether the trial court erred in granting Mr. Scott’s motion to quash because it was not “filed in the record” as mandated by La.C.Cr.P. art. 536. In its brief, the State acknowledges that a written motion to quash was produced in court on November 3, 2006, and that a photocopy of a handwritten motion and order were found in the district attorney’s file. However, a copy of that handwritten motion apparently was not filed in the district court record. To resolve this matter, this court ordered the State to supplement the record with a copy of the Motion to Quash, and the State has done so. The requirements of Article 536 are thus met.
As noted at the outset, the principal issue on this appeal is whether the trial court, as the State argues, erred in granting Mr. Scott’s motion to quash. The jurisprudence has recognized the State’s authority to enter a nolle prosequi and to reinstitute the charge.[2] The jurispru *729 dence, however, has recognized that the State’s authority may be overborne under the circumstances of any given case by the defendant’s constitutional right to a speedy trial. State v. Love, 00-3347 (La. 5/23/03), 847 So.2d 1198; State v. Scott, 04-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, writ denied, 06-0822 (La.10/13/06), 939 So.2d 356.
A defendant challenging the State’s nolle prosequi and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. State v. Batiste, 05-1571, p. 7 (La.10/17/06), 939 So.2d 1245, 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for the delay. “[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” Id. (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
Applying these principles, the Louisiana Supreme Court in Batiste found no speedy trial violation under the facts of that case. The defendant in Batiste was charged with video voyeurism. Nineteen months elapsed between the filing of the original bill and the quashing of the reinstituted charges. The Court found the reasons for the delay could not be attributed solely to the State and that there was no intentional delay on the State’s part to gain a tactical advantage. The Court further found that there was no suggestion that the defendant’s defense was impaired by the delay. The Court noted that the defendant was not in jail during the delay and that there was no indication that any evidence was lost due to the | fidelay. The Court emphasized that the State had a legitimate reason for its nolle prosequi — the victim was not present for trial and was wavering in her commitment to going forward with the case. Given these circumstances, the Supreme Court reversed this court’s decision, which affirmed the trial court’s ruling granting the defendant’s motion to quash.
 A court’s resolution of a motion to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. Batiste, 05-1571 at p. 5, 939 So.2d at 1249 (citing Love, 00-3347 at p. 14, 847 So.2d at 1209). “[T]he proper approach to the question of whether the defendant’s right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was ‘palpable abuse’ on the part of the trial court in granting the motion to quash.” State v. Harris, 2003-0524 at p. 4 (La.App. 4 Cir. 9/10/03), 857 So.2d 16, 18.
In the present case, our analysis of the Barker factors and the reasoning in the Batiste case does not establish that that Mr. Scott’s constitutional right to a speedy trial has been violated.
First, as in Batiste, the State had a legitimate reason for its nolle prosequi— the clerk’s office failed to subpoena the State’s witness and to bring up the evidence the State requested.
*730 Second, the eighteen-month delay between the filing of the original bill of information charging Mr. Scott with possession of cocaine and the quashing of the reinsti-tuted charges is not presumptively prejudicial. The felony charge of possession of cocaine carries a fine of not more than $5000.00 and not more than five years imprisonment with or without hard labor, or both. This court has found |7similar delays in cases involving similar charges not violative of the defendant’s right to a speedy trial. State v. Payton, 06-1202 (La.App. 4 Cir. 2/28/07), 954 So.2d 193 (seventeen month delay in prosecuting one count of possession of cocaine was found not presumptively prejudieial)(citing State v. DeRouen, 96-0725 (La.App. 4 Cir. 6/26/96), 678 So.2d 39 (finding fifteen month delay in prosecuting two counts of possession with intent to distribute cocaine and one count of possession of 28 to 200 grams of cocaine not violative of the right to a speedy trial) and State v. Johnson, 622 So.2d 845 (La.App. 4th Cir.1993)(fmding twenty-two month delay not violative of right to speedy trial)).
Third, the other Barker factors do not support Mr. Scott’s claim. In the original case, 458-691 “C”, there were three continuances by the court, two by the defense, and one by the State. There also was one joint continuance. In the reinstated case, 466-853 “C”, there were two continuances by the court. Several months of the delay in this case are attributable to the closure of the criminal district court in Orleans Parish during the aftermath of Hurricane Katrina. This delay was not within the control of either the district attorney’s office or Mr. Scott. Similarly, Mr. Scott’s prior assertion of his right to speedy trial — his filing of an earlier motion for speedy trial — was prompted by the lengthy delay in re-opening the courts following the hurricane.
Although Mr. Scott was incarcerated for most of the delay, he has not demonstrated that he was prejudiced by the loss or compromise of any witness or evidence due to the delay. Accordingly, we find under these circumstances that Mr. Scott’s constitutional right to a speedy trial was not violated. We thus find the district court erred in granting the motion to quash.
| «DECREE
For the forgoing reasons, the judgment of the district court is reversed, and the matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. The facts surrounding Mr. Scott's arrest, which can be adduced from the instant case, are limited to what is stated in the bill of information. On March 12, 2005, Ms. Scott allegedly willfully and unlawfully possessed a controlled dangerous substance, to wit: cocaine.

. The State's authority to dismiss any prosecution without the consent of the court is recognized in La.C.Cr.P. art. 691. Under La. C.Cr.P. art. 576, the State is authorized to reinstitute the charges within six months of dismissal. In this case, the State reinstituted the charges against Mr. Scott six days after the dismissal. The State, however, is required to show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578. Given that the charge at issue in this case is a non-capital felony (possession of cocaine), Article 578 required the State to bring Mr. Scott to trial within two years from the date of the bill of information. La.C.Cr.P. art. 578. The original bill of information was filed on April 26, 2005, and the motion to quash was granted on November 3, 2006, eighteen months later. The State did not dismiss the first case in order to avoid the time limitations of Article 578. Thus, Mr. Scott’s statutory right to a speedy trial had not been violated at that point. The sole issue *729 is whether the constitutional speedy trial requirement was satisfied.