MAX N. TOBIAS, JR., Judge.
b The appellant, State of Louisiana, appeals the trial court’s judgment granting the defendants’ motions to quash the bill of information. We find the trial court erred by granting relief on the basis of a statutory prescription claim, but find that court did not err in finding that the nolle prose-qui of an earlier case and the reinstitution of charges in the present case unduly prejudiced the defendants and violated their constitutional right to a speedy trial.
In case number 479-206, Timothy Matthews (“Matthews”), Walter Myles (“Myles”), and Ashley Stewart (“Stewart”) were each charged on 3 July 2008 with one count of possession with the intent to distribute marijuana. Stewart was also charged with two counts of distribution of marijuana. Julio Kaiser (“Kaiser”) was charged in the same bill with possession of marijuana, second offense. The defendants subsequently entered pleas of not guilty to the charges. The docket master of the case indicates that on 22 July 2008, Stewart was to participate in drug court, and the case was marked as closed as to her. The case was transferred by Section J of Criminal District Court (“CDC”) to Section E CDC in August 2008. On 5 February 2009, the state indicated that it intended to amend the bill of information to add charges against the defendants. The court reset the matter to 16 April 2009, and on that date, the State nolle prosequied the bill.
It was not until 22 September 2010 that the state filed the bill in the present case, charging Matthews and Myles with one count each of obstruction of justice and Stewart and Kaiser with the same charges as in the original bill. Because so much time had elapsed from the dismissal of the original charges, it took some time before all defendants appeared again in court; Matthews and Kaiser did not receive notice to appear for many months. On 4 February 2011, Myles filed a motion to quash the present charges, and Stewart *987 and Kaiser adopted the motion. Kaiser filed his own motion to quash on 18 March 2011. The case was then transferred to Section D of CDC. On 26 August 2011, at a hearing on the motions to quash, counsel for Myles called counsel for Matthews, and the court reset the matter to 9 September 2011. The matter was reset a few more times, and on 21 October 2011, the court granted the defendants’ motions to quash the bill of information. The state objected and this timely appeal ensued.

FACTS

The facts of the underlying case are unknown and not pertinent to the issue raised in the State’s appeal.
Because the court’s ruling was based in part on its finding that the defendants’ constitutional speedy trial rights had been violated, the following is the timeline of both cases:
CASE NUMBER W-206J/E[1]
07/08/2008 The bill of information was filed.
07/07/2008 The case was allotted to Section J; arraignment was set for Stewart for 07/11/2008 and for Myles, Matthews, and Kaiser for 07/24/2008.
07/11/2008 Stewart appeared and entered a plea of not guilty; the case was real-lotted to Section E.
07/22/2008 The docket master indicates that Stewart was to participate in drug court, and the case was closed as to her.
08/18/2008 The case was received in Section E; arraignment for Kaiser was set for 08/21/2008, and for 09/02/2008 for Myles and Matthews.
08/21/2008 Kaiser appeared and pled not guilty; the court set a hearing for determination of counsel for 09/02/2008.
09/02/2008 The court was closed (due to Hurricane Gustav), and the case was reset to 09/24/2008.
09/24/2008 Matthews appeared, pleaded not guilty, and filed various pretrial motions, with a hearing set for 10/31/2008; Myles appeared and pleaded not guilty, and the court set a determination of counsel hearing for 10/01/2008.
09/28/2008 Stewart appeared for a status hearing; the court set a motion hearing for 10/31/2008.
10/01/2008 Myles appeared; the court appointed ODP; Myles again pleaded not guilty; the court set motions for 10/31/2008.
10/03/2008 Counsel for Matthews obtained a stay away order to keep Myles away from Matthews.
10/31/2008 Myles appeared and filed various pretrial motions; Matthews also appeared; the court reset the hearing on motions on defense motion to 12/17/2008.
12/16/2008 Counsel for Myles appeared and had motions as to him continued until 02/05/2009.
12/17/2008 Matthews and Stewart appeared; the court reset the hearing due to determination of new counsel for Stewart to 02/05/2009.
01/07/2009 Kaiser was arrested on an alias capias warrant; the court set a hearing for 01/07/2009.
02/05/2009 Kaiser appeared with counsel; the court recalled the alias capias and reinstituted his bond; the court set the motion hearing for 02/05/2009.
02/05/2009 The State indicated that it would amend the bill to add charges to all defendants save Kaiser; the court set a status hearing for 02/18/2009.
02/18/2009 Myles, Matthews, and Kaiser appeared; Stewart did not; the court *988 issued an alias capias for her arrest and reset motions to 04/16/2009.
03/05/2009 Myles filed a motion for the issuance of a subpoenas duces tecum.
04/16/2009 The State nolle prosequied the case as to all defendants.

CASE NUMBER 500-450J/E/D

09/22/2010 The bill of information was filed.
10/04/2010 Arraignment for all defendants was set for 10/18/2010.
10/18/2010 None of the defendants appeared because none was served; the court set arraignment for 11/04/2010.
11/04/2010 Stewart appeared and the other defendants did not; the case was transferred to Section E.
11/17/2010 Stewart filed pretrial motions in the clerk’s office.
11/23/2010 The case was received in Section E; the court set a status hearing as to all defendants for 12/10/2010.
12/10/2010 Matthews and Kaiser were not present because they were not served; Myles and Stewart appeared and pleaded not guilty; the court set a motion hearing for 02/04/2011 and set arraignment for Matthews and Kaiser for 01/05/2011.
12/13/2010 Myles filed several pretrial motions.
01/05/2011 Matthews and Kaiser did not appear, and the court issued alias capias warrants.
01/13/2011 Kaiser was arrested; a hearing was set for 01/14/2011.
01/14/2011 Kaiser appeared; the court recalled the alias capias; the court set bond and set a bond hearing for 01/19/2011 and a motion hearing for 02/04/2011.
01/19/2011 Kaiser appeared, and the court maintained his same bond.
02/04/2011 Kaiser, Myles, and Stewart appeared; Myles filed a motion to quash that Kaiser and Stewart adopted; the court set a hearing on the motion for 03/19/2011.
03/18/2011 Kaiser appeared and filed a motion to quash; Myles and Stewart appeared, and the court continued the suppression motion and motion to quash hearing on motion of the defense to 04/21/2011.
03/29/2011 The case was transferred to Section D.
03/31/2011 Matthews appeared (apparently in Section E); the court reinstated his bond from the prior case.
05/02/2011 The case was received in Section D; the court set a status hearing for 05/12/2011.
05/12/2011 All defendants appeared; the court set a status hearing for 5/27/2011.
05/27/2011 All parties appeared; the court set a status hearing for 06/22/2011.
06/22/2011 Matthews withdrew the motion to recuse that he had filed in the clerk’s office; the court reset the motion hearing to 07/19/2011.
07/19/2011 Kaiser filed a motion to sever; all defendants appeared, and the court set the hearing on the motion to quash for 08/26/2011.
08/26/2011 All defendants appeared; counsel for Myles called counsel for Matthews as a witness; the court continued the hearing to 09/09/2011.
09/09/2011 The hearing was cancelled; the court reset the hearing on 09/13/2011 to 10/21/2011.
09/30/2011 All defendants appeared; the court reset the matter to 10/21/2011.
10/21/2011 All defendants appeared; the court granted the motion to quash as to each defendant.
At the 26 August 2011 hearing on the motions to quash, counsel for Matthews *989 testified that before the state nolle prose-quied the first case, he had worked out a plea agreement with one of the assistant district attorneys (“ADA”) in the case, and possibly with the judge, wherein Matthews would plead guilty and receive a five-year suspended sentence. He testified that he and Matthews had completed all the paperwork when the other ADA indicated that she did not consider the plea bargain to be in the best interest of the state, and she nolle prosequied the case, indicating that she would reinstitute the charges in a new case. Counsel testified that much later the state filed the bill in the present case. Counsel stated that Matthews received no notice of the filing of the new bill, and it was not until counsel was preparing to expunge the old charges that he learned of the new bill. Counsel admitted that he had not yet adopted any of the existing motions to quash filed by counsel for the other three defendants. Counsel also stated that because Matthews had no notice of the new ease, he was not present for any motion hearings that had been conducted in his absence. Counsel for Kaiser reminded the court that the motion hearing had been recessed and was not yet completed. Although the court indicated that it was ready to rule on Myles’ motion to quash at that time, the parties agreed to defer ruling until 9 September 2011.
The matter was finally heard on 21 October 2011. The defendants argued that the statutory time limitations had run as to the charges, and they also invoked their constitutional rights to speedy trial as envisioned by Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 38 L.Ed.2d 101 (1972), arguing that the delay impeded their ability to prepare a defense. The court then granted the motions to quash, finding that the statutory time limitations had prescribed and that the delay in trying the defendants had unduly prejudiced their ability to present a defense.
The state now argues that the trial court erred in both of its rulings. It asserts that the first bill was not nolle prosequied in order to avoid any statutory time limitations; the new bill was filed within the time limitations for institution of prosecution; and the time limitations for bringing the defendants to trial were suspended by outstanding defense motions. The state also asserts that the defendants failed to show that their constitutional rights to a speedy trial had been violated.
La.C.Cr.P. art. 572 requires the state file a bill of information against a defendant charged with a crime that is punishable by hard labor within six years of the commission of the offense and within four years of the commission of an offense that is punishable with or without hard labor. Stewart was charged with two counts of distribution of marijuana and one count of possession with the intent to distribute marijuana, both of which are punishable by imprisonment at hard labor. See La. R.S. 40:966 B(3). Kaiser was charged with possession of marijuana, second offense, which is punishable by imprisonment with or without hard labor. See La. R.S. 40:966 E(2). Myles and Matthews were charged with obstruction of justice, a violation of La. R.S. 14:130.1. Although some grades of obstruction require the sentence to be served at hard labor, those involve cases where the crime that is being obstructed is punishable by death and life imprisonment (La. R.S. 14:130.1 B(l)) or punishable by imprisonment necessarily at hard labor (La. R.S. 14:130.2 B(2)). If the obstructed crime is any other crime, the sentence is to be served with or without hard labor. The bill of information in this case did not allege what crime Myles and Matthews obstructed, although the charge was included in the same bill as the charges against Stewart, whose charges mandated sentences at hard labor. Thus, it is un *990 clear if the charges against Myles and Matthews exposed them to mandatory imprisonment at hard labor.
The state asserts that the present offenses occurred on 12 June 2008. Per article 572, the state had six years from that date in which to institute charges against Stewart, as her charges mandate imprisonment at hard labor. The state had four years to institute charges against Kaiser, and at least four years, possibly six years, in which to institute charges against Myles and Matthews. The present bill was filed on 22 September 2010, a little over two years after the offenses occurred. Therefore, the filing of the present bill did not violate article 572.
We find no basis to quash the bill based upon the time limitations set forth in La. C.Cr.P. art. 578, which provides that the state must bring a defendant to trial within two years of the filing of the bill of information charging a defendant with felony offenses such as those filed against these defendants. The state filed the bill in this case on 22 September 2010, and the trial court granted the motions to quash on 21 October 2011, a little over a year after the bill was filed. Myles’ argument on this point included in the two-year time limitation period the time period of the prior case. In support, he relied on State v. Shannon, 09-0305 (La.App. 4 Cir. 9/9/09), 17 So.3d 1061, but the portion of this court’s discussion in Shannon that included the calculation of time including a prior charge, dismissed case involved the defendant’s constitutional right to a speedy trial. Instead, the pertinent starting point for determining a violation of the time limitations under article 578 is the filing of the bill in the present case, not the date that the original bill was filed. The court appeared to recognize that the time limitations had not expired in this case because at one point, it stated that it was granting Myles’ motion to quash because even if the time limitations had not run, it still found that Myles was prejudiced by the delay in bringing him to trial.
The remaining statutory issue in this case is the state’s nolle prosequi of this case on 19 April 2009 and its reinstitution of charges on 22 September 2010, almost seventeen months later. La. C.Cr.P. art. 576 permits the state to dismiss timely-filed bill and reinstitute the charge “within the time established by the Chapter or within six months from the date of dismissal, whichever is longer.” The article further provides that the district attorney cannot reinstitute charges “unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.” Here, the state nolle prosequied the first bill on information a little over nine months after the bill was filed; the dismissal on its face was not for the purpose of evading a time limitation to bring the defendants to trial. The second bill was not filed within six months of the dismissal of the first one; it was filed a little over two years after the date of the offenses, and thus it was timely filed under art. 572.
Thus we find no basis to quash the bill of information on statutory grounds, and the trial court erred by doing so.
The court also found that the defendants’ constitutional rights to a speedy trial had been violated because of the delay in the state’s efforts to bring them to trial. Although not mentioned by the state, it is unclear if the court properly considered this argument. Although this claim was orally raised at the 21 October 2011 hearing on the motion to quash, none of the motions filed included a constitutional speedy trial claim. However, the state’s responses discussed the constitutional *991 right to a speedy trial. La.C.Cr.P. art. 536 states:
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.
Thus, technically the trial court could not consider a constitutional speedy trial claim because it was not raised in writing by any of the defendants. Nonetheless, the state did not object to the court’s consideration of this claim and in fact naddressed it in its responses and in its appellate brief. We find that this failure waived any claim it may have that the trial court could not consider this issue.
In State v. Scott, 06-1610, p. 5 (La.App. 4 Cir. 4/25/07), 958 So.2d 725, 729, this court discussed the standard for evaluating a constitutional speedy trial claim:
The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93 [33 L.Ed.2d 101] (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. State v. Batiste, 05-1571, p. 7 (La.10/17/06), 939 So.2d 1245, 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for the delay. “[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” Id. (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
The first of the four Barker v. Wingo factors, the length of the delay, is the “triggering mechanism,” and if the length of the delay is not “presumptively prejudicial,” the court need not inquire into the other three Barker factors. See State v. Brown, 11-0947 (La.App. 4 Cir. 3/7/12), 88 So.3d 662; State v. Scott, 04-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843; State v. Santiago, 03-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671. The defendant has the burden of showing a violation of his constitutional right to speedy trial. As noted in Scott, “Something that is acceptable in one case may not be acceptable in another because the complexity of the case must be considered. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984), citing Barker, 407 U.S. at 531 [92 S.Ct. 2182].” Scott, 04-1142 at p. 12, 913 So.2d at 851. In State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206, the Court stated: “Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.” See also State v. Harris, 03-0524 (La.App. 4 Cir. 9/10/03), 857 So.2d 16.
Here, the state alleges that the offenses occurred on 12 June 2008. The first motion to quash was filed on 18 March 2011, and the court granted the defendants’ motions on 21 October 2011. The delay between the date of the offenses and the filing of the first motion to quash was almost three years, a time span that is presumptively prejudicial as to all four defendants. Thus, we look to the other three Barker factors to review this claim.
Although, as the state points out that some of the length of the delay is attributable to the defendants, in that motions were still outstanding at the time that they *992 filed their motions to quash, approximately half of the delay, seventeen months, was strictly due to the state’s failure to reinsti-tute the charges for that period of time. In addition, because the state waited seventeen months to file the second bill, the addresses that the state had for Matthews and Kaiser were no longer valid. Because neither defendant was under any sort of bond obligation during those seventeen months, they had no obligation to register any change of address during this time. Neither of these defendants was served with notice of the new charges, and Kaiser did not appear until February 2011, when he was arrested on an alias capias, while Matthews did not appear until March 2011. At the 26 August 2011 hearing, counsel for Matthews testified that he first learned of the new charge against Matthews when he attempted to expunge the dismissed charge. Thus, although outstanding defense motions existed at the time that the first motion to quash was filed, seventeen months of the delay was directly attributable to the estate for its failure to reinsti-tute the charges during that time, and the six and seven more months that it took for Kaiser and Matthews, respectively, to appear are also attributable to the state because the defendants had moved in those seventeen months, no longer had bond obligations, and were not served.
As for the third factor, we find no indication that any of the defendants filed a motion for speedy trial. Their only assertions of their rights to a speedy trial were their motions to quash.
The final factor is the prejudice suffered by the defendants. At the 21 October 2011 hearing, counsel for Myles alleged that the long delay in trying this case has hindered his preparation of a defense for Myles. Counsel for Matthews pointed out that he and one of the ADAs had worked a plea deal for a suspended sentence before the other ADA nolle pro-sequied the case. Counsel for Stewart pointed out that Stewart had participated in drug court under the first bill of information, and the case had been closed as to her. Counsel for Kaiser stated that Kaiser had lost his employment after being charged in the first bill and has since gained employment, but he would lose that as well if this case kept dragging on. Counsel also pointed out that the alias capias issued in this case for Kaiser’s nonappearance was due to the fact that he had moved in the seventeen months between the nolle prosequi of the first case and the reinstitution of the charge in this case, and during those seventeen months he was under no bond obligation. After hearing each of these arguments, the court found that each of the defendants was prejudiced by the delay and found that each defendant’s constitutional right to a speedy trial had been violated.
The defendants were able to show that the majority of the delay in this case was due to the inaction of the state in its failure to file the bill in this case until over seventeen months after it nolle prose-quied the original bill. With respect to Matthews and Kaiser, who had moved in the interim, the delays in their reappearance before the trial court can also be tied to the delay in reinstituting the charges. In addition, each defendant showed specific prejudice that resulted from the delay. Given these factors, we find that the trial court did not abuse its discretion by granting the motions to quash the bill of information on constitutional grounds.
The delays in this case resulted mainly from the state’s decision to nolle prosequi the original case and wait seventeen months to reinstitute the charges. Although the state has the authority to nolle prosequi and reinstitute charges, this power is not unlimited. The Court in State v. *993 Batiste, 05-1571, pp. 5-6 (La.10/17/06), 939 So.2d 1245, 1249, upheld the dismissal and reinstitution of the defendant’s charges only because, as the Court noted: “In this case, however, there is no indication that the district attorney was flaunting his authority at the expense of the defendant. Rather, the record indicates a nolle prose-qui was entered because the victim was not present for trial and was wavering in her commitment to going forward with the case.” Id. at p. 6, 939 So.2d at 1249. See also Love, supra, where the Court noted that a trial court should grant motions to quash in cases where the state dismisses and reinstitutes charges only “where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses.” Id., 00-3347 at p. 14, 847 So.2d at 1209. The Court reaffirmed this holding in State v. King, 10-2638 (La.5/6/11), 60 So.3d 615, where it found that the trial court erred by quashing the bill of information when there was no showing that the state “sought a tactical advantage over the defense.” Id. at p. 7, 60 So.3d at 619.
Here, the state’s dismissal of the first case directly prejudiced both Matthews and Stewart. Stewart had been participating in drug court for nine months before the state dismissed the initial bill of information. Matthews had agreed with one of the ADAs, and possibly the court, to plead guilty in exchange for a five-year suspended sentence. Although the transcript of 9 February 2009 indicated that the state planned to amend the original bill within a few days to add more charges, two months later it still had not amended the bill. Instead, it convincingly appears that the reason that the state dismissed the first case was because the ADAs disagreed as to whether to confect a plea agreement with Matthews. In addition, as pointed out by the defendants on appeal, the state did not charge either Stewart or Kaiser with additional charges when it filed the new bill seventeen months later. Further, the new bill omitted the drug charges against Matthews and Myles and charged them both with obstruction of justice. Therefore, the record shows that Stewart and Matthews both suffered direct prejudice by the state’s decision to dismiss the original case and then reinstitute the charges seventeen months later.
The record does not support the trial court’s ruling that granted the motions to quash on statutory prescription grounds. Nevertheless, we find that the trial court properly considered the issue of the defendants’ constitutional rights to a speedy trial and the record supports the trial court’s quashing of the bill on that ground.
We affirm the judgment of the trial court.
AFFIRMED.
LOBRANO, J., concurs in part and dissents in part and assigns reasons.

. Hereinafter, dates are set forth as month/ day/year (mm/dd/yyyy) in the timeline.