TOBIAS, J.,
Concurs.
IT respectfully concur. I write to assign further reasons in support of the majority’s conclusion.
The defendant in this case did not allege either in his motion to quash or orally at the hearing that his constitutional speedy trial right had been violated, and the issue was therefore arguably not properly considered by the trial court as a basis for its ruling in granting the motion to quash. Likewise, the speedy trial issue is arguably not properly before this court.
La.C.Cr.P. art. 536 provides:
A motion to quash shall be in writing, signed by the defendant or his attor *1149 ney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.
Accordingly, even if the defendant had orally asserted his speedy trial right at the hearing on the motion to quash, the issue would nevertheless have not been properly before the trial court, because the assertion of his speedy trial right would not have been made in writing as required by La.C.Cr.P. art. 536.
However, this court determined in State v. Mathews, 12-0182, p. 9 (La.App. 4 Cir. 2/6/13), 109 So.3d 984, that the trial court properly found that defendants’[1] ^constitutional speedy trial right had been violated in granting a defendant’s motion to quash even though the defendants failed to raise the right to a speedy trial in a written motion to quash. In Mathews, we recognized that the speedy trial claim was not raised in writing, but was orally asserted at the hearing on the motion to quash. The Mathews court acknowledged the La. C.Cr.P. art. 536 requirements, but concluded that because the state failed to object to the trial court’s consideration of a speedy trial claim and even addressed the merits of defendants’ speedy trial claim in its responses to the motion to quash and in its appellate brief, the state thereby waived its argument that the trial court improperly considered the speedy trial claim:
Thus, [pursuant to La.C.Cr.P. art. 536] technically the trial court could not consider a constitutional speedy trial claim because it was not raised in writing by any of the defendants. Nonetheless, the state did not object to the court’s consideration of this claim and in fact addressed it in its responses and in its appellate brief. We find that this failure waived any claim it may have that the trial court could not consider this issue.
Mathews, 12-0182, pp. 9-10, 109 So.3d at 991.
Pursuant to this court’s reasoning in Mathews, the trial court in this case properly considered whether the defendant’s constitutional speedy trial right had been violated even though the defendant did not raise the issue in the motion to quash. Although the defendants in Mathews raised the speedy trial claim orally at the hearing on the motion to quash and the defendant herein did not, it is worth noting that neither the defendants in Mathews nor the defendant in this case raised the speedy trial claim in writing as required by La.C.Cr.P. art. 536. Furthermore, although the state in this case “noted [its] objection and its intent to seek an appeal” from the trial court’s ruling, the state did not specifically indicate that the objection was to the trial court’s consideration of a speedy trial issue. Additionally, |sthe state addressed the merits of a speedy trial claim in its appellate brief.[2] See Mathews, 12-0182, pp. 9-10, 109 So.3d at 991. Therefore, as in Mathews, we find that the state “waived any claim it may have that the trial court could not consider [the speedy trial] issue.” Id.
In this case, at the time the motion to quash was filed, approximately three years had elapsed from the date of the filing of the bill of information without the defendant being brought to trial. This court has recognized that the length of the delay is a triggering factor:
*1150 The initial factor, the length of the delay, is often referred to as the “triggering mechanism” because absent a “presumptively prejudicial” delay, further inquiry into the Barker [v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ] factors is unnecessary. See State v. Santiago, 2003-0693, p. 3, (La.App. 4 Cir. 7/23/03), 853 So.2d 671, 673, citing State v. De Rouen, 96-0725, p. 3 (La.App. 4 Cir. 6/26/96), 678 So.2d 39, 40. Under Barker, the peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay.
State v. McQuirter, 12-0486, p. 8 (La.App. 4 Cir. 1/23/13), 108 So.3d 370, 374-75.
The state concedes that a delay of approximately three years is considered to be presumptively prejudicial. See State v. Ervin, 08-1078, p. 4 (La.App. 4 Cir. 4/1/09), 9 So.3d 303, 307 (recognizing that “[i]n Doggett v. U.S., 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), the Court noted that ‘depending on the nature of the charges, the lower courts have generally found post-accusation delay “presumptively prejudicial” at least as it approaches one year.’ ”)(citing Doggett v. U.S., 505 U.S. at 652, 112 S.Ct. at 2691, n. 1). However, the state argues that delays of longer than three years have been held not to violate a defendant’s right to a speedy trial, citing State v. Shannon, 09-0305, p. 7 (La.App. 4 Cir. 9/9/09), 17 So.3d 1061, 1066 (acknowledging that the delay between the filing of the bill of information and the filing of the motion to quash “spanned three years and four months and may be deemed ‘presumptively prejudicial’ ” but concluding that the defendant’s right to speedy trial had not been violated); State v. Thomas, 10-0528, pp. 72-73 (La.App. 4 Cir. 7/15/10), 54 So.3d 1, 41-42 (delay of eight years held not to violate a defendant’s right to a speedy trial); State v. Van Dyke, 03-0437 (La.App. 3 Cir. 10/1/03), 856 So.2d 187 (trial court’s grant of motion to quash after delay of six years reversed and no speedy trial violation found).
Additionally, the state argues that the reason for the delay is not wholly attributable to it, as the defendant was not transported to court while in custody on seven occasions. The state contends that the failure to transport the defendant to court is a delay that is weighed more lightly against the state pursuant to Doggett. Likewise, the state argues that the continuances were necessary due to other trials in progress and that the record does not evidence that the state delayed bringing the defendant to trial to hamper the defense. The state also notes that the defense requested a continuance on the date of trial on 25 October 2010.[3]
As previously noted herein, a review of the record indicates that the defendant did not file a speedy trial motion prior to filing the motion to quash. Accordingly, the state argues that the defendant has failed to show that he has been prejudiced by the delay. Additionally, the state submits that the defendant’s contention at the hearing on the motion to quash that the defense was prepared for trial at each continuance attributable to the state further supports the lack of prejudice to the defendant by the delay.
Applying the Barker v. Wingo[4] factors to this case, the first factor, the length of the delay, is three years and is therefore presumptively prejudicial. See Ervin, 08-1078, p. 4, 9 So.3d at 307. With respect to the third factor, the defendant did *1151 not assert his right to a speedy trial either orally or in writing and therefore could not demonstrate the fourth factor, prejudice to the defense, other than solely by the length of the delay.[5] The second factor, the reason for the delay, appears to weigh neither in favor of the state nor the defendant pursuant to State v. Brazile, 06-1611, pp. 3-4 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, 335. Although, as the trial court recognized, the state requested a-continuance due to a trial in progress on eight occasions, the record also evidences that the defendant was not brought to court by the sheriff on seven occasions, and the defense also requested two continuances, one of which was on 25 October 2010, when trial for the defendant was scheduled. Accordingly, an application of the Barker factors does not evidence that the state failed to exercise reasonable diligence in bringing the defendant to trial or that the delay was wholly attributable to the state.
This court has recognized that “[t]he governing standard of review of a district court’s ruling on a motion to quash is the abuse of discretion standard.” State v. Brown, 11-0947, p. 4 (La.App. 4 Cir. 3/7/12), 88 So.3d 662, 665 (citing State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-07). In this case, the trial court reviewed the minute entries on ' the record at the hearing on the |r,motion to quash and noted that eight continuances were granted due to a trial in progress by the state, and one continuance was granted to the state without a specified reason. After reviewing the relevant minute entries, the trial court stated: .
Well, I realize that the Defense could have filed a motion for speedy trial but it assumed that a trial was set each time. The Defense apparently was ready each time it objected to the continuance on each and every one of those eight times that it was set for trial. The ninth, which I can’t account for without going back and seeing the actual transcript, I can’t say why it was continued. But I think there is some limit and I think that the State has reached it. I’m aware of those cases [State v. Thomas, 2010-0528 (La.App. 4 Cir. 7/15/10), 54 So.3d 1, and State v. Brazile, 2006-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333], but by the same token what more can the Defense do but show up ready for trial, which they did in each and every instance. I realize what the code says. However, I think that this is a constitutional denial by the State of the defendant’s right to a speedy trial and a trial by jury, and the Motion to Quash is granted.
Considering this Court’s decisions in Brazile, 06-1611, p. 3, 960 So.2d at 335 (“a continuance by the court due to a trial in *1152 progress will give the State a suspension until it resets the matter on the court’s docket”) and Thomas, 10-0528, p. 36, 54 So.3d at 21 (same), I conclude that each of the state’s continuances due to a trial in progress operated to suspend the time limitations in which to bring the defendant to trial. Because the trial court granted the state a continuance of trial until 5 November 2012 due to a trial in progress on 14 August 2012, the state had one year from 5 November 2012 to commence trial. Therefore, had the trial court granted the motion to quash pursuant to La.C.Cr.P. art. 578, it would have erred in doing so.
However, the trial court in this case granted the defendant’s motion to quash based upon the defendant’s constitutional right to a speedy trial. This was in error because the defendant in this case has not demonstrated specific prejudice or the possibility that his defense will be impaired. As previously noted herein, the 17defendant failed to file a speedy trial motion. The defendant did not even raise a speedy trial claim at the hearing on the motion to quash. Accordingly, the defendant has not demonstrated specific prejudice to his defense pursuant to Ervin, 08-1078, p. 8, 9 So.3d at 309.

. There was more than one defendant.

. Although the state emphasizes in its appellate brief that the defendant failed to file a speedy trial motion, the state does not argue that the trial court improperly considered the speedy trial issue.

. The defense also requested a continuance on one other occasion, 23 August 2010, on the date of a scheduled discovery hearing.

. 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

. This court has recognized that if the state has demonstrated "reasonable diligence” in bringing a defendant to trial, a defendant must show specific prejudice to his defense to establish that a speedy trial right has been violated:
In Doggett, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 [1992], the Court modified its analysis of the prejudice factor. Although "affirmative proof of particularized prejudice is not essential to every speedy trial claim,” an "excessive delay [can] presumptively compromise[ ] the reliability of a trial in ways that neither party can prove, or for that matter, identify.” Id., 505 U.S. at 654-655, 112 S.Ct. at 2692-2693. The Court recognized, however, that the defendant’s degree of proof in each situation varies inversely with the government's degree of culpability for the delay. Id. Accordingly, where the State demonstrates reasonable diligence in its efforts to bring the defendant to trial, the defendant must establish “specific prejudice to his defense," no matter how great the delay. Id. Conversely, the longer the delay, the greater the presumption of prejudice. Id. at 656, 112 S.Ct. 2686.
Ervin, 08-1078, p. 8, 9 So.3d at 309.