LOVE, J.,
concurs in part and dissents in part.
hi respectfully concur in part and dissent in part. I agree with the majority in so far as it denies Mr. Noel’s motion to dismiss the State’s appeal. I disagree, however, with the majority’s decision to affirm the trial court’s granting of the motion to quash. Specifically, I find Mr. Noel has failed to sufficiently demonstrate that he was prejudiced by the delay in the prosecution of his case.
Pursuant to State v. Ervin, 08-1078, p. 8 (La.App. 4 Cir. 4/1/09), 9 So.3d 303, 309, the State “demonstrate[d] reasonable diligence in its efforts to bring the defendant to trial,” requiring Mr. Noel to establish specific prejudice to his defense. Mr. Noel was detained in state custody without effective assistance of counsel from the date of his arrest, November 8, 2006, until the Tulane Law Clinic was appointed to represent him, November 16, 2007. Further, the trial court ordered the warden of the correctional center to produce Mr. Noel with reasons for his detention in March 2007, but the warden failed to do so. The warden’s failure to comply with the trial court’s order should not be attributable to the state.
Additionally, the time Mr. Noel was without counsel, a little over a year, is not historically considered an extensive delay. Therefore, I find the State’s degree of culpability in this case is low despite the fact that OPD, as an extension of the criminal justice system, bears the responsibility of providing effective assistance of ^counsel to indigent defendants. The fact that the trial court appointed new counsel to represent Mr. Noel, approximately six months after OPD was allowed to withdraw as counsel, indicates that reasonable diligence was taken to bring Mr. Noel to trial. Moreover, Mr. Noel only points to the fact that he was unable to conduct a prompt pre-trial investigation to establish prejudice in this case.
For these reasons, I find that Mr. Noel failed to establish “specific prejudice to his defense.” Accordingly, I would reverse *714 the trial court’s granting of the motion to quash.